(627 P.2d 1185)

No. 52,243

STATE OF KANSAS, *Appellee,* v. MICHAEL J. WILSON, *Appellant.*

Opinion filed May 8, 1981.

*Milo M. Unruh, Jr.,* of Arn, Mullins, Unruh, Kuhn & Wilson, of Wichita, for appellant.

*Jack Peggs,* assistant district attorney, *Vern Miller,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before REES, J., presiding, JUSTICE MILLER and STEVEN P. FLOOD, District Judge, assigned.

REES, J.: Defendant appeals from jury convictions of burglary (K.S.A. 21-3715) and felony theft (K.S.A. 1980 Supp. 21-3701) and the sentences imposed.

Defendant claims error in the inclusion of an *Allen*-type instruction (PIK Crim. 68.12) among the instructions given prior to jury deliberation. There was no trial objection. The question is whether the giving of the instruction was clearly erroneous. *Kiser v. Gilmore,* 2 Kan. App. 2d 683, 691, 587 P.2d 911 (1978), *rev. denied* 225 Kan. 844 (1979). Although there are old and recent cases finding error in the giving of an *Allen*-type instruction after jury deliberation has begun, *e.g., State v. Bybee,* 17 Kan. 462, 465 (1877); *State v. Hammond,* 4 Kan. App. 2d 643, 648, 609 P.2d 1171, *rev. denied* 228 Kan. 807 (1980), use of the instruction is not error per se. When it is included as one of the instructions given prior to jury deliberation, the inherent danger of coercion is dissipated if not lost. *State v. Scruggs,* 206 Kan. 423, 425-426, 479 P.2d 886 (1971). In this case, where defendant relies upon nothing of record other than the giving of the instruction, we cannot conclude there was clear error.

A two-fold attack is lodged by defendant against the severity of

the sentences imposed by the trial judge. Defendant first argues the sentences and his commitment to the custody of the secretary of corrections as recited by the sentencing hearing transcript and journal entry fail to comply with the requirement of K.S.A. 1979 Supp. 21-4603(3) that the trial court state the "reasons for imposing the sentence as ordered." To emphasize the need for compliance with the cited statutory requirement, defendant refers us to the companion opinions in *State v. Buckner*, 223 Kan. 138, 574 P.2d 918 (1977), and *State v. Coe*, 223 Kan. 153, 574 P.2d 929 (1977). In those cases, the Supreme Court found insufficient trial court enunciation of reasons for imposition of the sentences ordered; appellate review led to determination the trial court abused its discretion.

Defendant's complaint of noncompliance with K.S.A. 1979 Supp. 21-4603(3) is of no avail. The relied upon requirement was repealed by statutory amendment effective April 24, 1980. L. 1980, ch. 104, § 1. Defendant was sentenced in this case on May 27, 1980. The statutory requirement was not in effect. When defendant was sentenced and committed to the custody of the secretary of corrections, inclusion of "a statement of reasons for imposing the sentence as ordered" was permissive or optional, not mandatory. K.S.A. 1980 Supp. 21-4620(*b*).

The essence of the second prong of defendant's attack upon the sentences imposed is that under the evidence presented, it was improper to sentence him as a third offender. We find merit in defendant's position.

The sentences arise out of convictions on April 29, 1980, for burglary and felony theft committed December 10, 1979. They were enhanced under the habitual criminal act (K.S.A. 1980 Supp. 21-4504[2]). The State's evidence introduced in support of sentence enhancement establishes that on August 10, 1977, defendant was convicted in the Barton County District Court on a charge of felony theft committed May 29, 1977. The evidence also establishes that on December 20, 1977, defendant was convicted in Ellsworth County District Court on a charge of forgery; the date of commission of that offense is not shown. Under the evidence, when the defendant committed the felony offenses for which he stands convicted in this case, he had previously been convicted of two felonies. On this evidence, the trial judge "tripled" defendant's sentences; each of the two sentences was a term of not less than seven years nor more than thirty years; they

were ordered to run consecutively and consecutive to any parole revocation that might be ordered. There is no proof that when he committed the felony theft in Barton County he had previously been convicted of a felony. There is no proof that when he committed the forgery in Ellsworth County he had previously been convicted of a felony—the date of commission of the forgery offense may have been either prior or subsequent to the Barton County conviction.

Our habitual criminal act (K.S.A. 1980 Supp. 21-4504) provides in material part:

"Every person convicted a second or more time of a felony . . . upon motion of the prosecuting attorney, may be by the trial judge sentenced to an increased punishment as follows:

"(1) If the defendant has previously been convicted of not more than one felony:

"(a) The court may fix a minimum sentence of not less than the least nor more than twice the greatest minimum sentence authorized . . . for the crime for which the defendant stands convicted; and

"(b) Such court may fix a maximum sentence of not less than the least nor more than twice the greatest maximum sentence provided . . . for such crime.

"(2) If the defendant has previously been convicted of two (2) or more felonies:

"(a) The court may fix a minimum sentence of not less than the least nor more than three times the greatest minimum sentence authorized . . . for the crime for which the defendant stands convicted; and

"(b) Such court may fix a maximum sentence of not less than the least nor more than three times the greatest maximum sentence provided . . . for such crime."

As long ago as 1870, our Supreme Court held in regard to the application of a statute prescribing the sentence for "any person convicted of . . . [a] second or subsequent offense" (G.S. 1868, ch. 35, § 3, p. 400) that "[b]efore a person can make himself liable to be convicted of a second offense, as such, he must previously have been [convicted] of the first offense." *State v. Volmer,* 6 Kan. *379, *383 (1870).

Over a century later, *State v. Lohrbach,* 217 Kan. 588, 538 P.2d 678 (1975), was decided. There, as disclosed by the opinion, the record on appeal and the appellate briefs, the defendant's sentences for convictions on July 11, 1973, of three felony offenses committed April 11, 1973, were enhanced upon evidence of convictions on November 23, 1965, in four cases charging a total of seven felony offenses—two committed April 3, 1965, and apparently growing out of a single act; two committed April 23,

1965, and apparently growing out of a single act; two committed October 7, 1965, and apparently growing out of a single act; and one committed October 7, 1965, but apparently not growing out of the same act as that out of which the other two offenses committed that same date arose. It was held Lohrbach was subject to sentence only as a second offender.

Each of the four cases in which Lohrbach was convicted on November 23, 1965, concerned offenses growing out of separate single acts. Consonant with the statement in *State v. Murray,* 200 Kan. 526, 530, 437 P.2d 816 (1968), that because two offenses grow out of a single act the actor has not become an habitual offender, the seven convictions were treated as four convictions obtained on the same date.

Aside from resolution of an evidentiary issue, the essential holding in *Lohrbach* is that multiple convictions obtained on the same date can be used only as a single conviction for the purpose of sentence enhancement under K.S.A. 1980 Supp. 21-4504. 217 Kan. at 593. The Supreme Court found support in *State v. Murray,* 200 Kan. 526; *State v. Felton,* 194 Kan. 501, 399 P.2d 817 (1965); *State v. Ricks,* 173 Kan. 660, 250 P.2d 773 (1952); *State v. Close,* 130 Kan. 497, 287 P.2d 599 (1930); and *State v. Woodman,* 127 Kan. 166, 272 Pac. 132 (1928).

It is clear that for enhancement of sentence of a defendant as a second offender, the previous conviction must have occurred prior to commission of the principal offense. *State v. Bell,* 205 Kan. 380, 384-385, 469 P.2d 448 (1970). No Kansas authority precisely addresses the sequential relation of felony commissions and convictions required for the purpose of enhancement of sentence of a defendant as a third offender.

In *Lohrbach,* 217 Kan. at 591, it is said:

"The basic philosophy underlying recidivist statutes might be expressed in this fashion: where the punishment imposed against an offender for violating the law has failed to deter him from further infractions, a harsher and more severe penalty is justified, the idea being, hopefully, that the greater punishment may serve as an object lesson and cause him to accomplish his reformation, where the lesser penalty had failed in that respect.

The following is in *Murray,* 200 Kan. at 530-531:

"The habitual criminal act was passed in the hope of bringing about a reformation of criminals by an increased penalty for a second offense and when that hope of reformation had passed then the increased punishment should be meted out for the third offense.

. . . .

"[A] convict must be subject to sentence for a second felony conviction before he can be sentenced for a third felony conviction."

Our case law has pronounced that where there are convictions for multiple offenses growing out of a single act or transaction, or where there are multiple convictions obtained on the same date for offenses committed at different times or places, the multiple convictions can be used only as a single conviction for the purpose of sentence enhancement. Where both situations exist, as in *Lohrbach*, the rule is the same. The common denominator of these rules is that sentence enhancement requires conviction prior to commission of the subsequent offense, the requirement we have noted as legislatively and judicially made applicable to enhancement of sentence of a defendant as a second offender. Recognition of judicial expressions of the purpose, objective and philosophy of our habitual criminal statute, K.S.A. 1980 Supp. 21-4504 and its predecessors, and logic compel application of the sequential relation requirement to the enhanced sentencing of defendants as third-time offenders.

Accordingly, we conclude and hold that for the enhancement of the sentence of a defendant as a third offender under K.S.A. 1980 Supp. 21-4504(2), it is necessary that each succeeding offense be committed after conviction for the preceding offense. Otherwise stated, it is required that there be the commission and conviction of one offense, followed by the commission and conviction of a second offense, followed by commission of the principal offense upon conviction of which sentence enhancement is sought.

The evidence in this case failed to establish that when the principal offenses were committed, defendant had previously been convicted of a felony offense committed after conviction of a previous felony offense. Defendant was erroneously sentenced. Defendant could have been sentenced only as a second offender.

We conclude this case must be remanded to the trial court for correction of the sentences by resentencing. When defendant appears for resentencing, the authority of the trial court is limited.

"[T]he district court, in a proceeding to correct a void sentence which has been partially served, has no authority to receive additional evidence upon which to base a new sentence. When the defendant appears before the court for resentencing the authority of the trial court is limited to a consideration of the identical facts and conditions existing at the time of the imposition of the original sentence." *Bridges v. State*, 197 Kan. 704, 706, 421 P.2d 45 (1966).

See also *State v. Coe,* 223 Kan. at 169; *State v. Daegele,* 206 Kan. 379, Syl. ¶ 1, 479 P.2d 891 (1971); *Jackson v. State,* 204 Kan. 841, 846, 466 P.2d 305 (1970).

The journal entry reciting imposition of an enhanced sentence must "contain a statement of each of [the] previous convictions, showing the date, in what court, of what crime and a brief statement of the evidence relied upon by the court in finding such previous convictions." K.S.A. 1980 Supp. 22-3426(*d*). This requirement was not met in this case. It will need to be satisfied upon resentencing.

Convictions affirmed. Sentences vacated and set aside. Case remanded to trial court for resentencing.