(704 P.2d 392)

No. 57,284

CITY OF CHANUTE, KANSAS, *Appellee*, v. JOE R. WILSON, *Appellant*.

Petition for review denied September 27, 1985.

Opinion filed August 1, 1985.

*Edward W. Dosh*, of Parsons, for the appellant.

*David S. Brake*, assistant city attorney, of Chanute, for the appellee.

Before FOTH, C.J., REES and BRISCOE, JJ.

BRISCOE, J.: The defendant, Joe R. Wilson, appeals the sentence imposed by the district court after his conviction for driving while under the influence of alcohol (K.S.A. 1983 Supp. 8-1567).

The defendant was sentenced as a third offender pursuant to K.S.A. 1983 Supp. 8-1567(e), which sets forth the penalties for third or subsequent convictions for driving while under the influence. K.S.A. 1983 Supp. 8-1567(i) defines the convictions which may be considered in determining whether the defendant is a first, second or third offender as follows:

"For the purpose of determining whether a conviction is a first, second or third or subsequent conviction for the purpose of sentencing under this section, the term 'conviction' ·includes being convicted of a violation of this section or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of this section. For such purpose 'conviction' also includes being convicted of a violation of a law of another state or an ordinance of any municipality which prohibits the acts that this section prohibits or entering into a diversion agreement in lieu of further criminal proceedings in a case alleging a violation of such a law or ordinance. *For the purpose of this section, only convictions occurring in the immediately preceding five years, including prior to the effective date of this act, shall be taken into account."* Emphasis added.

The sole issue raised by this appeal is whether under K.S.A. 1983 Supp. 8-1567(i) the sentencing court's consideration of prior convictions is limited to those occurring within five years of the present *conviction,* or to those occurring within five years of the present *offense.*

Our present case began with defendant's arrest on August 25, 1983, for driving while under the influence of alcohol. Defendant was convicted in municipal court on January 4, 1984. After appeal to the district court and a de novo trial, defendant was convicted in district court on June 29, 1984. Defendant had two prior convictions for driving while under the influence of alcohol; the first conviction was on February 8, 1979; the second, on April 1, 1982. The district court considered both of these prior convictions and sentenced defendant as a third offender pursuant to K.S.A. 1983 Supp. 8-1567(e).

Wilson contends K.S.A. 1983 Supp. 8-1567(i) prohibits the district court from considering the February 8, 1979, conviction because that conviction occurred more than five years prior to his conviction in district court on June 29, 1984. Defendant argues the municipal court conviction date which fell within the five-year period is of no significance because his appeal and de novo review in the district court began his case anew. We conclude defendant was properly sentenced.

Although defendant would have us consider only those convictions occurring within the five-year period preceding the district court conviction, we believe consideration of convictions occurring within a five-year period preceding the present offense is more consistent with existing case law. In *State v. Wilson*, 6 Kan.App.2d 302, Syl. ¶ 1, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 (1981), the court held the enhancement of a defendant's sentence as a third offender under K.S.A. 1980 Supp. 21-4504(2) required each succeeding offense be committed after the conviction for the preceding offense. Throughout its opinion, the court keyed its analysis of defendant's offender status to the sequential relationship of preceding conviction to subsequent commission of an offense.

Again, in *State v. Osoba*, 234 Kan. 443, 672 P.2d 1098 (1983), the court addressed which convictions could be considered at sentencing. In *Osoba* the defendant claimed first offender status under K.S.A. 8-1567, alleging conviction of her first offense of driving while under the influence of alcohol must precede her commission of a second offense before the first conviction can be counted for sentencing purposes. The court agreed with the defendant and concluded the sequential relationship applied in *Wilson* should be extended by analogy to K.S.A. 8-1567(d). The

court held K.S.A. 8-1567(d) requires that each succeeding offense be committed after conviction of the preceding offense.

In both *Osoba and Wilson,* the number of the defendant's prior convictions was determined as of the date of the present offense. If the conviction occurred prior to defendant's present offense, it was counted. If there was only a prior offense without a conviction, it was not counted. Here, when the defendant's prior convictions are counted as of the date of his present offense, he has two prior convictions within the preceding five years. The district court properly considered defendant's 1979 conviction in sentencing the defendant as a third offender.

Affirmed.