(42 P.3d 749)

No. 86,552

STATE OF KANSAS, *Appellee*, v. DONNA S. BELL, *Appellant*.

Opinion filed March 15, 2002.

*Sarah Ellen Johnson* and *Rebecca E. Woodman*, assistant appellate defenders, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*Bradley R. Burke*, assistant district attorney, *Christine E. Kenney*, district attorney, and *Carla J. Stovall*, attorney·general, for appellee.

Before RULON, C.J., KNUDSON, J., and WAHL, S.J.

KNUDSON, J.: Donna S. Bell appeals her sentence for felony driving under the influence of alcohol (DUI), contrary to K.S.A. 1997 Supp. 8-1567(a)(3) and (f). We affirm.

Bell's current offense occurred on April 19, 1998, a dispositive plea was entered on August 21, 2000, and sentence was imposed on December 15, 2000. Bell's criminal history included prior DUI convictions on July 6, 1995, and April 16, 1998.

K.S.A. 1997 Supp. 8-1567(k) provides, in material part:

"(k) For the purpose of determining whether a conviction is a first, second, third or subsequent conviction in sentencing under this section:

. . .

(3) only convictions occurring in the immediately preceding five years, including prior to the effective date of this act, shall be taken into account . . . .

(4) it is irrelevant whether an offense occurred before or after conviction for a previous offense."

Bell contends she was improperly sentenced as a felony offender under K.S.A. 1997 Supp. 8-1567(f). She points out her prior conviction on July 6, 1995, is not within 5 years of her current conviction on August 21, 2000. According to Bell, K.S.A. 1997 Supp. 8-1567(k)(3) requires counting from the date of the current conviction rather than from the date the crime was committed to determine prior convictions for sentencing enhancement purposes.

The State argues the 5-year retrospection begins on the date of the occurrence rather than the date of the current conviction—under the facts of this case, from April 19, 1998. If the State's interpretation of K.S.A. 1997 Supp. 8-1567(k)(3) is correct, Bell concedes her felony sentence should stand.

In *City of Chanute v. Wilson*, 10 Kan. App. 2d 498, 704 P.2d 392, *rev. denied* 238 Kan. 877 (1985), the defendant was arrested on August 25, 1983, for DUI and convicted in district court on June 29, 1984. Wilson had two prior DUI convictions, one on February 8, 1979, and the other on April 1, 1982. He argued a felony sentence should not be imposed because the February 8, 1979, conviction was more than 5 years before his June 29, 1984, conviction. In upholding the trial court's imposition of a felony sentence, this court held that the 5-year window under K.S.A. 1997 Supp. 8-1567(k)(3) [then K.S.A. 1983 Supp. 8-1567(i)], runs from the date of the current offense to the date or dates of prior convictions. 10 Kan. App. 2d at 500. The court reasoned:

"Although defendant would have us consider only those convictions occurring within the five-year period preceding the district court conviction, we believe consideration of convictions occurring within a five-year period preceding the present offense is more consistent with existing case law. In *State v. Wilson*, 6 Kan. App. 2d 302, Syl. ¶ 1, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 (1981), the court held the enhancement of a defendant's sentence as a third offender under K.S.A. 1980 Supp. 21-4504(2) required each succeeding offense be committed after the conviction for the preceding offense. Throughout its opinion, the court keyed its analysis of defendant's offender status to the sequential relationship of preceding conviction to subsequent commission of an offense.

"Again, in *State v. Osoba*, 234 Kan. 443, 672 P.2d 1098 (1983), the court addressed which convictions could be considered at sentencing. In *Osoba* the defendant claimed first offender status under K.S.A. 8-1567, alleging conviction of her first offense of driving while under the influence of alcohol must precede her commission of a second offense before the first conviction can be counted for sentencing purposes. The court agreed with the defendant and concluded the sequential relationship applied in *Wilson* should be extended by analogy to K.S.A. 8-1567(d). The court held K.S.A. 8-1567(d) requires that each succeeding offense be committed after conviction of the preceding offense." 10 Kan. App. 2d at 499-500.

Bell argues the 1985 legislature amended 8-1567 to add subsection (k)(4), effectively overturning *City of Chanute v. Wilson*. Al-

though the amendment does appear to modify the holding in *Wilson* that prior convictions must occur before the date of the current offense, left untouched is the holding that it is the *date of the offense and not conviction* that triggers the 5-year window.

We agree with the reasoning of the *Wilson* court that under 8-1567(k)(3), prior convictions are counted as of the date of the current offense, not the date of conviction. Here, when Bell's prior convictions are counted as of the date of her present offense, she has two prior convictions within the preceding 5 years. The district court properly sentenced Bell as a felony offender.

Affirmed.