(333 P.3d 917)

No. 109,680

STATE OF KANSAS, *Appellee*, v. AKIN J. WINES, *Appellant*.

Opinion filed August 29, 2014.

*Bruce W. Beye*, of Overland Park, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., LEBEN and BRUNS, JJ.

GREEN, J.: Akin J. Wines was charged with driving while under the influence of alcohol—third offense (DUI) and with refusing a preliminary breath test for conduct occurring on January 7, 2012. Following a bench trial, Wines was found guilty of DUI and refusing a preliminary breath test. The trial court determined that Wines' current DUI conviction was his third. The penalty for a third DUI conviction under K.S.A. 2011 Supp. 8-1567(b)(1)(D) is a felony when a person has a previous DUI conviction within the preceding 10 years of the person's current DUI offense. On appeal, Wines contends that K.S.A. 2011 Supp. 8-1567 is unconstitution-

ally vague because one of his previous DUI convictions—a December 2001 DUI diversion agreement in Overland Park, Kansas—should not have been included in determining whether his third-time DUI offense was a felony because it did not occur within 10 years from his current DUI offense of January 7, 2012.

Nevertheless, when it is reasonably possible to interpret statutes in a manner that avoids an unnecessary decision as to their constitutionality, an appellate court should not reach the constitutional contentions of the parties. Because Wines had another DUI conviction, other than the one he complains about, within 10 years of his January 7, 2012, DUI offense, we need not address his constitutional question. Because only one DUI conviction within the preceding 10 years is required under K.S.A. 2011 Supp. 8-1567(b)(1)(D) and because Wines had another DUI conviction, other than the one he complains about, within 10 years from his current DUI offense, we affirm.

Wines was charged with a third-offense DUI and with refusing a preliminary breath test for conduct which occurred on January 7, 2012. The written complaint alleged that Wines had two or more previous DUI convictions.

Wines' presentence investigation report listed two prior DUI convictions: a DUI conviction in Overland Park, Kansas, on August 14, 2002, and a DUI conviction in Lawrence, Kansas, on September 19, 2002.

Before sentencing, Wines challenged the constitutionality of K.S.A. 2011 Supp. 8-1567. Wines contended that K.S.A. 2011 Supp. 8-1567 was unconstitutionally vague. Wines maintained that his 2001 DUI diversion should not have been considered because it was outside the 10-year look-back period. As a result, Wines argued that he should not have been charged with a third-offense DUI felony. Instead, he contended that he should have been charged with a third-offense DUI misdemeanor.

On the other hand, the State argued that under K.S.A. 2011 Supp. 8-1567(j)(1) and (2), when determining whether a conviction is a first, second, third, or subsequent conviction, a violation of a city ordinance or entering into a diversion agreement shall be taken into account. The State noted that although Wines entered into

the diversion agreement on December 12, 2001, his diversion agreement was later revoked and he was convicted of DUI on August 14, 2002. The State further pointed out that Wines was also convicted of another DUI on September 19, 2002. The State maintained that Wines was charged with a third-offense DUI felony because he had at least one previous DUI conviction within 10 years from his current DUI offense.

At sentencing, the trial court determined that Wines had been properly charged with a felony as a third-time DUI offender. The trial court further ruled that it was the date of the Overland Park, Kansas, conviction that counted and not the date of Wines' December 2001 diversion agreement.

*Did the Trial Court Err in Classifying Wines' Third DUI Conviction as a Felony Rather Than a Misdemeanor?*

On appeal, Wines seems to argue that if the trial court had determined that his conviction date for his Overland Park, Kansas, diversion agreement was December 12, 2001, instead of determining August 14, 2002, as his conviction date for his revoked diversion agreement, he would not have had a DUI conviction within 10 years from his current DUI offense of January 7, 2012. As a result, Wines contends that he should have been convicted of a third-offense DUI misdemeanor under K.S.A. 2011 Supp. 8-1567(b)(1)(C). For this reason, Wines argues that K.S.A. 2011 Supp. 8-1567 is unconstitutionally vague.

Whether a statute is unconstitutionally vague is a question of law over which appellate review is de novo and unlimited. Appellate courts presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. Courts must interpret a statute in a way that makes it constitutional if there is any reasonable construction that would maintain the legislature's apparent intent. *State v. Seward*, 296 Kan. 979, 981, 297 P.3d 272 (2013). Moreover, when there is a valid alternative ground for relief, courts should construe statues to avoid decisions as to their constitutionality:

"The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. . . . Thus, if a case can be decided on either of two

grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter." *Ashwander v. Valley Authority*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936) (Brandeis, J., concurring).

See also *State v. Schad*, 41 Kan. App. 2d 805, 807, 206 P.3d 22 (2009) ("[W]hen a valid alternative ground for relief exists, an appellate court need not reach the constitutional contentions of the parties.").

As stated earlier, Wines contends that the date of his DUI diversion agreement should control even though his diversion agreement was later revoked and he was convicted of DUI on August 14, 2002, based on the facts contained in his December 2001 diversion agreement.

In *State v. Tims*, 49 Kan. App. 2d 845, 851, 317 P.3d 115 (2014), this court stated that "K.S.A. 2011 Supp. 8-1567 . . . is a recidivist statute providing for an enhanced severity in charge and sentence if the offender has previous DUI convictions." The pertinent part of that statute states as follows:

"(b)(1) Driving under the influence is:

. . . .

(C) on a third conviction a class A, nonperson misdemeanor, except as provided in subsection (b)(1)(D). . . .

(D) on a third conviction a nonperson felony if the person has a prior conviction which occurred within the preceding 10 years, not including any period of incarceration.

. . . .

"(j) For the purpose of determining whether a conviction is a first, second, third, fourth or subsequent conviction in sentencing under this section:

(1) 'Conviction' includes being convicted of a violation of this section or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of this section;

(2) 'conviction' includes being convicted of a violation of a law of another state or an ordinance of any city, or resolution of any county, which prohibits the acts that this section prohibits or entering into a diversion agreement in lieu of further criminal proceedings in a case alleging a violation of such law, ordinance or resolution;

(3) only convictions occurring on or after July 1, 2001, shall be taken into account when determining the sentence to be imposed for a first, second, third, fourth or subsequent offender . . . ." K.S.A. 2011 Supp. 8-1567.

In determining prior convictions, it is the date the current offense was committed and not the date of the conviction that triggers the look-back period. See *State v. Bell*, 30 Kan. App. 2d 395, 396-97, 42 P.3d 749, *rev. denied* 274 Kan. 1114 (2002); *City of Chanute v. Wilson*, 10 Kan. App. 2d 498, 500, 704 P.2d 392, *rev. denied* 238 Kan. 877 (1985). In this case, the look-back period is 10 years.

As stated in the previous subsections to K.S.A. 2011 Supp. 8-1567, a third-time DUI offense can be either a class A misdemeanor or a felony, depending upon whether at least one of the two previous convictions occurred within 10 years of the current DUI offense. For example, K.S.A. 2011 Supp. 8-1567(b)(1)(C) states that driving under the influence is a class A, nonperson misdemeanor on a third DUI conviction, except as provided under subsection K.S.A. 2011 Supp. 8-1567(b)(1)(D).

Under subsection K.S.A. 2011 Supp. 8-1567(b)(l)(D), a third DUI conviction is a nonperson felony when a "person has a prior conviction which occurred within the preceding 10 years, not including any period of incarceration." Thus, if a person has two previous DUI convictions and neither DUI conviction occurred within 10 years of the current DUI offense, the third DUI conviction would be a class A misdemeanor. K.S.A. 2011 Supp. 8-1567(b)(1)(C). Nevertheless, if at least one of the two previous DUI convictions, which occurred after July 1, 2001, was within 10 years of the current DUI offense, the third DUI conviction would be a felony. K.S.A. 2011 Supp. 8-1567(b)(1)(D).

Wines' diversion agreement, which he entered into on December 12, 2001, was not within the 10 years of his January 7, 2012, DUI offense. Nevertheless, when his Overland Park, Kansas, diversion agreement was revoked, Wines was convicted of DUI in Overland Park, Kansas, on August 14, 2002. Under K.S.A. 2011 Supp. 8-1567(j)(2), the conviction following the revocation of Wines' diversion would count as a conviction:

"(j) For the purpose of determining whether a conviction is a first, second, third, fourth or subsequent conviction in sentencing under this section:

. . . .

(2) 'conviction' *includes being convicted of a violation of . . . an ordinance of any city* . . . which prohibits the acts that this section prohibits or entering into a

diversion agreement in lieu of further criminal proceedings in a case alleging a violation of such law, ordinance or resolution." (Emphasis added.) K.S.A. 2011 Supp. 8-1567(j)(2).

As previously stated, the trial court ruled that August 14, 2002, would be Wines' conviction date for his revoked Overland Park, Kansas, diversion agreement, and not the date of Wines' December 12, 2001, diversion agreement. Thus, the conviction date of August 14, 2002, would be within 10 years of his current DUI offense of January 7, 2012.

Wines does not challenge that his current DUI offense of January 7, 2012, would be his third DUI conviction. See K.S.A. 2011 Supp. 8-1567(j)(1). Instead, Wines argues that the trial court erred in ruling that the date of his Overland Park, Kansas, DUI conviction on August 14, 2002, would count rather than the date of his DUI diversion agreement. He contends that his December 12, 2001, DUI diversion agreement should have been used as his conviction date for his revoked DUI diversion agreement. This date would have put his Overland Park, Kansas, DUI conviction outside the 10-year look-back period. Thus, Wines argues that it should not have been used to enhance his conviction to a felony.

Indeed, there is some statutory support for Wines' position. K.S.A. 2011 Supp. 8-1567(j)(1) states that a conviction includes "entering into a diversion agreement in lieu of further criminal proceedings." If the trial court had ruled that the date of his Overland Park, Kansas, diversion agreement, December 12, 2001, controlled his conviction date, Wines' Overland Park, Kansas, DUI conviction would not have occurred within 10 years from his current DUI offense of January 7, 2012.

Nevertheless, we need not address Wines' constitutional challenge to K.S.A. 2011 Supp. 8-1567. Moreover, we will not address whether the trial court erred in ruling that the date of Wines' Overland Park, Kansas, DUI conviction on August 14, 2002, controlled his conviction date instead of the date when he entered into his diversion agreement on December 12, 2001, because a valid alternative ground exists on which this case may be decided. Here, only one DUI conviction within 10 years of Wines' current offense of January 7, 2012, was required for him to be guilty of a felony as

a third-time DUI offender under K.S.A. 2011 Supp. 8-1567(b)(1)(D). Moreover, Wines was convicted of DUI in Lawrence, Kansas, on September 19, 2002, which was within 10 years of his current offense of January 7, 2012. Thus, Wines' September 19, 2002, DUI conviction alone was sufficient to enhance Wines' sentence from a misdemeanor to a felony.

Affirmed.