NOT DESIGNATED FOR PUBLICATION

No. 112,062

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHNATHON EARL WHITE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WILLIAM P. MAHONEY, judge. Opinion filed September 11, 2015. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender, for appellant.

*Christopher L. Schneider*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., HILL, J., and TIMOTHY G. LAHEY, District Judge, assigned.

*Per Curiam:* Under Kansas law, a prior felony conviction triggers the enhancement of an offender's sentence under the Habitual Criminal Act, not the offender's prior sentence. Johnathon Earl White admitted that he had been convicted of burglary and theft in 1981 and burglary in 1983 before he was sentenced in 1987 for aggravated robbery and three counts of kidnapping. Because of his two prior felony convictions, we hold the district court correctly sentenced White as a third-time offender.

1

*White moves to correct his sentence 25 years later.*

In 1987, a jury convicted White of one count of aggravated robbery, a Class B felony in violation of K.S.A. 21-3427 (Ensley 1981), and three counts of kidnapping, each Class B felonies in violation of K.S.A. 21-3420 (Ensley 1981) in Wyandotte County. Before sentencing, the district court held a hearing on the State's motion to invoke the Habitual Criminal Act, K.S.A. 1986 Supp. 21-4504. At that hearing, White admitted that he had been convicted of felonies in two earlier cases, both in Wyandotte County. White had been convicted of burglary and theft in case number 81CR1288 and burglary in 83CR0941. Based on this, the district court found that it would sentence White under the Habitual Criminal Act as a third-time offender.

If the district court had not sentenced White under the Act, he would have received an indeterminate sentence—a minimum of 5 to 15 years and a maximum of 20 years to life, for his aggravated robbery conviction and for each of his kidnapping convictions. See K.S.A. 1986 Supp. 21-4501(b).

In accordance with the Act, the district court sentenced White to a term not less than 45 years to life imprisonment for his aggravated robbery conviction and for each kidnapping conviction. Moreover, the district court ordered that the sentence for each count of White's convictions in 86CR2007 run concurrently with each other but consecutive to his sentences already imposed in 81CR1288 and 83CR0941.

The court also found that the crimes were committed with a firearm and therefore K.S.A. 21-4618 (Ensley 1981) and K.S.A. 1986 Supp. 22-3717 applied to White's case. In practical terms, that meant that White was not eligible for probation and could not achieve parole until he had served the minimum sentence imposed, less good time credits.

2

In December 2012, White filed a pro se motion to correct an illegal sentence. In his motion, White alleged that K.S.A. 1986 Supp. 21-4504(b) of the Act did not give the district court the authority to impose his 45-years-to-life sentence in 86CR2007. When White filed this motion, he also moved to appoint counsel. The district court appointed counsel to represent White on his motion.

White's appointed counsel filed an amended motion to correct an illegal sentence. Counsel argued that the district court erred in sentencing White as a third-time offender in 86CR2007 because the district court had not sentenced him as a second-time offender for his second felony conviction in 1983. White maintained that the district court had to sentence a defendant as a second-time offender under K.S.A. 1986 Supp. 21-4504(a) before the district court could sentence a defendant as a third-time offender under K.S.A. 1986 Supp. 21-4504(b).

At the hearing on White's motion, he asserted that his sentence as a third-time offender under the Act was illegal. The district court disagreed and denied White's motion because his sentence complied with the statutes in effect when he was sentenced.

The sole issue that White raises on appeal is whether the district court erred when it denied his motion to correct an illegal sentence. White contends that his sentence is illegal because the district court was required to sentence him as a second-time offender under the Act before it could sentence him as a third-time offender.

*We find no error here.*

Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). Moreover, interpretation of a sentencing statute is a question of law over which an appellate court has unlimited review. *State v. Phillips*, 299 Kan. 479, 494, 325 P.3d 1095 (2014).

3

Although a criminal statute should be strictly construed in favor of the accused, this rule is subordinate to the rule that judicial interpretation of a statute must be reasonable and sensible. *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014).

White asserts that punishing an offender as a third-time offender before punishing as a second-time offender goes against this legislative purpose of the Act, which is reducing recidivism. White further claims that our Supreme Court actually held that "a defendant must be subject to a second-time offender sentence before a district court can impose a third-time offender sentence" in *State v. Murray*, 200 Kan. 526, 437 P.2d 816 (1968), and *State v. Wilson*, 230 Kan. 287, 634 P.2d 1078 (1981).

Even though White contends that the *Murray* and *Wilson* court held that the district court must sentence a defendant as a second-time offender before sentencing a defendant as a third-time offender, this is not the case. In *Murray*, the district court sentenced Murray as a third-time offender after it found that two of Murray's prior felony convictions, which arose from the same act and were prosecuted under the same information, constituted two separate felony convictions for the purpose of sentencing under the Act. 200 Kan. at 530. The *Murray* court vacated Murray's sentence as a third-time offender, holding:  "Where two convictions grow out of the same act and are prosecuted in the same information, only one of them may be subsequently utilized as a previous conviction within the contemplation of the habitual criminal statute." 200 Kan. 526, Syl. ¶ 3.

Then, in *Wilson*, the district court sentenced Wilson as a third-time offender under the Act even though one of Wilson's previous felony convictions was actually committed *after* the commission of the principal offense for which he was being sentenced as a third-time offender. 230 Kan. at 287. Our Supreme Court adopted this court's opinion in *State v. Wilson*, 6 Kan. App. 2d 302, 627 P.2d 1185 (1981), and vacated Wilson's sentence as a third-time offender. 230 Kan. at 287-88. The *Wilson* court held that the

4

district court could enhance a defendant's sentence only if that defendant was convicted of the earlier felony *before* committing the subsequent felony. 230 Kan. at 287-88.

Consequently, neither *Murray* nor *Wilson* address whether the district court must sentence a defendant as a second-time offender under the Act before the district court can sentence a defendant as a third-time offender. White has misconstrued the *Murray* and *Wilson* decisions to support his argument. Instead, both address what constitutes a prior felony conviction for the purpose of determining whether a defendant is subject to sentencing as an habitual offender.

The Supreme Court has considered variations of White's argument that the district court must sentence an offender as a second-time offender before sentencing as a third-time offender under the Act. The Supreme Court has consistently rejected his argument, holding that "it is the conviction of a prior felony which triggers the imposition of the habitual criminal statute not the punishment adjudged at the time of the prior conviction." *State v. Robertson*, 225 Kan. 572, 575, 592 P.2d 460 (1979); see *Le Vier v. State*, 214 Kan. 287, Syl. ¶ 2, 520 P.2d 1325 (1974); *Nelson v. State*, 204 Kan. 623, 624, 464 P.2d 7 (1970); *Current v. Hudspeth*, 173 Kan. 694, Syl. ¶ 1, 250 P.2d 798 (1952).

Thus, the fact that the district court never sentenced White as a second-time offender before it sentenced him as a third-time offender is without legal consequence. It must be remembered that the Act could only be invoked by the State filing a motion to sentence an offender as an habitual criminal. The State was not required to file the motion in any case, including this one.

For sentencing under the Act, all that matters is a defendant's prior felony convictions. Consequently, White's sentence as a third-time offender is legal because he had two prior felony convictions.

5

Affirmed.