NOT DESIGNATED FOR PUBLICATION

No. 114,307

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHERMAN L. WRIGHT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed April 7, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*: The district court summarily denied Sherman L. Wright's motion to correct an illegal sentence. Wright appeals claiming the district court failed to properly apply the Habitual Criminal Act pursuant to K.S.A. 21-4504(b) (Ensley 1988). Upon review of this appeal and his prior appeals, we observe Wright had prior convictions to support tripling his sentence as a habitual criminal upon his third and subsequent conviction. We find Wright's argument unpersuasive, and we affirm.

1

Wright was charged with robbery in 87CR1414, aggravated robbery in 87CR1478, and aggravated robbery in 87CR1418. All three cases were consolidated for trial. On December 17, 1987, Wright was convicted in all three cases.

At sentencing, the State filed notice of its intent to invoke the Habitual Criminal Act, K.S.A. 21-4504 (Ensley 1988). Wright stipulated to felony convictions in 82CR0890A, 82CR1010, and 87CR139 (a case for which he had not yet been sentenced). The district court determined Wright's two 1982 convictions were "evidence of one instance of felony crime." Based on the pending notice and the stipulation, the district court found K.S.A. 21-4504(b) (Ensley 1988) would apply at Wright's sentencing.

On February 12, 1988, Wright appeared for sentencing before a three-judge panel in case numbers 87CR139, 87CR1414, 87CR1418, and 87CR1478. In 87CR139, the sentencing court doubled Wright's sentence pursuant to K.S.A. 21-4504(a) (Ensley 1988). His sentences in 87CR1414, 87CR1418, and 87CR1478 were tripled pursuant to K.S.A. 21-4504(b) (Ensley 1988) and ran consecutively.

Wright appealed, and a panel of this court affirmed. See *State v. Wright*, No. 62,292, unpublished opinion filed March 24, 1989 (Kan. App.). On November 6, 2006, Wright filed a motion to correct an illegal sentence, arguing the 1982 convictions used to enhance his sentence had already been "used up" to enhance his sentence in another case (87CR139). The district court summarily denied his motion, he appealed, and a panel of this court affirmed. See *State v. Wright*, No. 98,271, 2009 WL 205224 (Kan. App.) (unpublished opinion), *rev. denied* 289 Kan. 1286 (2009).

Wright filed a second motion to correct an illegal sentence on April 1, 2014, arguing his sentences in the two cases subject to this appeal—87CR1414 and

87CR1478—were tripled in error and, thus, were illegal sentences. He claims he had not served his sentence in 87CR139 before the district court erroneously tripled his sentences in these two cases.

The district court summarily denied Wright's second motion to correct an illegal sentence, finding the doctrine of res judicata applied because it involved the same claims and the same parties as his prior motion to correct an illegal sentence. It also found Wright's prior convictions occurred before the commission of the crimes in 87CR1414 and 87CR1478. At the same time, the district court denied Wright's motion to correct an illegal sentence in 87CR1418, now pending appeal in case No. 114,346, also this day decided.

Wright timely appealed.

ANALYSIS

*Res judicata does not apply.*

Whether the doctrine of res judicata applies in a certain case is an issue of law over which appellate courts exercise unlimited review. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015). Res judicata prevents relitigation of an issue when the following conditions occur:  (1) identical things sued for, (2) identical of the causes of action, (3) identical persons and parties to the action, and (4) identical qualities of persons for or against whom claim is made. *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013).

Our court has recently addressed whether res judicata applies in cases similar to this one. In *State v. Martin*, 52 Kan. App. 2d 474, 481, 369 P.3d 959 (2016), *rev. denied*

3

___ Kan. ___ (February 7, 2017), a panel of this court found the doctrine of res judicata should not be applied to a motion to correct an illegal sentence:

> "The State provides no citation to a case in which a Kansas appellate court applied the doctrine of res judicata or waiver to bar a claim when that claim, if true, would render a sentence illegal and the claim had not been previously addressed on its merits. The cases in which Kansas appellate courts have applied res judicata to motions to correct an illegal sentence involve claims that previously were resolved on the merits or claims that would not render a sentence illegal, even if true. See, *e.g., State v. Martin,* 294 Kan. 638, 640-41, 279 P.3d 704 (2012) (barring through res judicata claim of illegal sentence that was raised and denied at least six times previously), *cert. denied* ___ U.S. ___, 134 S.Ct. 114, 187 L. Ed. 2d 83 (2013); [*State v.*] *Conley,* 287 Kan. [696,] 698, 197 P.3d 837 [(2008)] (A motion to correct illegal sentence 'may not be used to breathe new life into an appellate issue *previously adversely determined*.' [Emphasis added.]); [*State v.*] *Johnson,* 269 Kan. [594,] 601, 7 P.3d 294 [(2000)]."

Here, the State attempts to distinguish *Martin* since this case involves successive motions to correct illegal sentences. It contends Wright's claim should be barred by claim preclusion since it involves the same nucleus of facts—*i.e.,* his convictions were tripled as a result of his convictions in 82CR0890A, 82CR1010, and 87CR139. He previously argued his sentences in 87CR1414, 87CR1418, and 87CR1478 were illegal because his 1982 convictions were "used up" when they enhanced his sentence in 87CR139. Now, Wright argues his sentences in 87CR1414, 87CR1418, and 87CR1478 do not conform to K.S.A. 21-4504(b) (Ensley 1988).

Wright undeniably raises a new issue in his current motion to correct an illegal sentence. His claim, if true, would render his sentence illegal. See *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016) (A sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment is an illegal sentence.). This issue has not been previously addressed on its merits. Therefore, we find res judicata does not apply to bar Wright's current claim.

4

*Wright's sentence is not illegal.*

"Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review." *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Pursuant to K.S.A. 22-3504(1), a court may correct an illegal sentence at any time. "An illegal sentence is defined as '"(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *Makthepharak*[ *v. State*]*,* 298 Kan. [573, ]578, 314 P.3d 876 [2013] (quoting *State v. Trotter,* 296 Kan. 898, 902, 295 P.3d 1039 [2013])." *Gray*, 303 Kan. at 1014.

When, as here, a district court summarily denies a motion to correct an illegal sentence, this court applies a de novo standard of review. This is because the reviewing court has the same access to the motion, records, and files as the district court. *Gray*, 303 Kan. at 1013-14.

In 1987, K.S.A. 21-4504(b) (Ensley 1988) stated:

"If a defendant is convicted of a felony a third or subsequent time, the trial judge *shall* sentence the defendant as follows, upon motion of the prosecuting attorney:

"(1) The court shall fix a minimum sentence of not less than the greatest nor more than three times the greatest minimum sentence authorized by K.S.A. 21-4501 and amendments thereto for the crime for which the defendant is convicted; and

"(2) the court may fix a maximum sentence of not less than the least nor more than three times the greatest maximum sentence provided by K.S.A. 21-4501 and amendments thereto, for the crime." (Emphasis added.)

The Kansas Supreme Court has held "it is the conviction of a prior felony which triggers the imposition of the habitual criminal statute not the punishment adjudged at the

time of the prior conviction." *State v. Robertson*, 225 Kan. 572, 575, 592 P.2d 460 (1979). Similarly, in *State v. Wilson*, 6 Kan. App. 2d 302, 306, 627 P.2d 1185 (1981), a panel of this court held:

> "[F]or the enhancement of a sentence of a defendant as a third offender under [K.S.A. 21-4504(b)], *it is necessary that each succeeding offense be committed after conviction for the preceding offense*. Otherwise stated, it is required that there be the commission and conviction of one offense, followed by the commission and conviction of a second offense, followed by commission of the principal offense upon conviction of which sentence enhancement is sought." (Emphasis added.)

Wright had 1982 convictions for burglary and robbery (which the sentencing court treated as one conviction for purposes of K.S.A. 21-4504 [Ensley 1988]). In 87CR139, Wright was convicted of theft on June 3, 1987. His crimes of conviction in 87CR1414 and 87CR1478 were committed on August 24-25, 1987. He committed these crimes following convictions for two prior felonies; thus, the convictions in 87CR1414 and 87CR1478 were third or subsequent convictions. K.S.A. 21-4504(b) (Ensley 1988) allows the sentencing court to triple Wright's sentence.

Next, Wright cites *State v. Murray*, 200 Kan. 526, 530, 437 P.2d 816 (1968), to argue he had to serve his sentence in 87CR139 before it could be used to increase his sentences in 87CR1414 and 87CR1478. Wright claims *Murray* stated the Habitual Criminal Act was intended to give criminals a chance for reformation before increasing the punishment if the criminal did not reform.

In *State v. Tyler*, No. 103,257, 2011 WL 2555418 (Kan. App. 2011) (unpublished opinion), Tyler made a similar argument based on *Murray*. The panel distinguished *Murray* because, unlike Tyler's prior convictions, Murray's two prior convictions resulted from the same case. Since Tyler committed his felonies on three separate occasions, the panel held *Murray* was inapplicable. 2011 WL 2555418, at *2. Like Tyler, Wright

6

committed his felonies on three separate occasions: 1982; January 1987; and August 1987.

Wright's sentence was not an illegal sentence. The district court had jurisdiction to sentence him, and his sentence reflects no ambiguity. The tripling of Wright's sentences complies with K.S.A. 21-4504(b) (Ensley 1988). Since Wright's sentence was not illegal, the district court did not err when it summarily denied his motion to correct an illegal sentence.

Affirmed.