NOT DESIGNATED FOR PUBLICATION

No. 124,008

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEE M. WETTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; NEIL B. FOTH, judge. Opinion filed June 17, 2022.
Affirmed.

*Carl E. Cornwell*, of Olathe, for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and GARDNER, JJ.

PER CURIAM: Lee M. Wetter appeals the trial court's classification of his third driving under the influence (DUI) offense as a felony. Wetter argues that under the plain language of K.S.A. 2020 Supp. 8-1567(b)(1)(D), the trial court should have classified his third DUI offense as a misdemeanor. Nevertheless, we have previously rejected Wetter's interpretation of K.S.A. 8-1568(b)(1)(D). See *State v. Wines*, 50 Kan. App. 2d 817, 821, 333 P.3d 917 (2014); *State v. Bell*, 30 Kan. App. 2d 395, 396-97, 42 P.3d 749 (2002). Following these precedents, we affirm the trial court's classification of Wetter's third DUI offense as a felony.

1

Wetter has three DUI offenses in his criminal history. Wetter entered a diversion agreement for his first DUI offense on April 11, 2006. See K.S.A. 2020 Supp. 8-1567(i)(1) (explaining that a diversion is a conviction when sentencing under K.S.A. 2020 Supp. 8-1567[b]). Wetter was convicted of his second DUI offense on August 3, 2009. And Wetter was convicted of his third DUI offense on March 1, 2021. Significantly, Wetter's third DUI conviction resulted from his DUI arrest on May 19, 2019.

At Wetter's sentencing for his third DUI conviction on May 6, 2021, Wetter argued that the trial court had to classify his third DUI offense as a misdemeanor under K.S.A. 2020 Supp. 8-1567(b)(1)(D)'s plain language because he was *convicted* of his third DUI offense more than 10 years after he had been convicted of his second DUI offense. It is undisputed that Wetter committed his third DUI offense within 10 years of his second DUI conviction, but he was not convicted of his third DUI offense within 10 years of his second DUI conviction. The State opposed Wetter's request. Citing this court's precedents in *Bell* and *Wines*, the trial court rejected Wetter's interpretation of K.S.A. 2020 Supp. 8-1567(b)(1)(D). It held that under these holdings, the date a person commits his or her current DUI offense triggers the relevant look-back period when determining whether to classify that person's third DUI offense as a felony or misdemeanor. Afterwards, because Wetter had committed his third DUI offense within 10 years of his second DUI conviction, the trial court classified Wetter's third DUI offense as a felony. Then, it sentenced Wetter to 30 days in jail followed by 12 months' probation. Wetter's underlying sentence was 12 months' jail time.

Wetter timely appeals.

ANALYSIS

Wetter's appeal concerns the trial court's interpretation of K.S.A. 2020 Supp. 8-1567(b)(1)(D). Interpretation of a statute is a question of law over which we exercise unlimited review. *State v. Bonner*, 290 Kan. 290, 296, 227 P.3d 1 (2010). While engaging in this review, if we can discern our Legislature's intent through the disputed statute's plain language, then the plain language of the disputed statute controls our interpretation. 290 Kan. at 296. Thus, we use the rules of statutory construction only when the disputed statute contains ambiguous language. 290 Kan. at 297.

K.S.A. 2020 Supp. 8-1567(b)(1) addresses DUI sentencing. K.S.A. 2020 Supp. 8-1567(b)(1)(C) states that a DUI "on a third conviction [is] a class A, nonperson misdemeanor, except as provided in subsection (b)(1)(D)." Subsection (b)(1)(D) states that a DUI "on a third conviction [is] a nonperson felony if the person has a prior conviction which occurred within the preceding 10 years, not including any period of incarceration."

In *Bell*, we considered if Bell's DUI offense was improperly classified as a felony under K.S.A. 1997 Supp. 8-1567(k); this provision required the trial court to consider "'convictions occurring in the immediately preceding five years'" when classifying a person's DUI offense as a felony or misdemeanor. 30 Kan. App. 2d at 395-96. Bell argued that the trial court wrongly classified her DUI as a felony because K.S.A. 1997 Supp. 8-1567(k)'s plain language required "counting from the date of the current conviction rather than from the date the crime was committed to determine prior convictions for sentencing enhancement purposes." 30 Kan. App. 2d at 395. Yet, we held that K.S.A. 1997 Supp. 8-1567(k) required the trial court to consider all previous convictions that occurred within five years of a person's current *DUI offense*, not the person's current DUI conviction, when classifying a DUI offense as a misdemeanor or a felony. 30 Kan. App. 2d at 396-97.

The *Bell* court's holding largely hinged on this court's analysis in *City of Chanute v. Wilson*, 10 Kan. App. 2d 498, 704 P.2d 392 (1985). 30 Kan. App. 2d at 396-97. There, this court explained that the "existing case law" established that the enhancement of a person's third DUI offense "required each succeeding offense be committed after the conviction for the preceding offense." 10 Kan. App. 2d at 499. Specifically, we explained that the precedent in *State v. Osoba*, 234 Kan. 443, 672 P.2d 1098 (1983), and *State v. Wilson*, 6 Kan. App. 2d 302, Syl. ¶ 1, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 (1981), supported that in the context of DUI sentencing, "the number of the defendant's prior convictions was determined as of the date of the present offense." *City of Chanute*, 10 Kan. App. 2d at 500.

More recently, in *Wines*, we analyzed a substantively identical version of K.S.A. 2020 Supp. 8-1567(b)(1)(D) when considering Wines' argument that the trial court wrongly classified his third DUI offense as a felony because he entered the diversion agreement for his second DUI offense more than 10 years before he committed his third DUI offense. The trial court determined that Wines should be sentenced for felony DUI because Wines committed his third DUI offense within 10 years of the revocation of his diversion agreement. In affirming the trial court's felony classification of Wines' third DUI offense for a different reason, we repeated *Bell*'s holding that "[i]n determining prior convictions, it is the date the current offense was committed and not the date of the conviction that triggers the look-back period." *Wines*, 50 Kan. App. 2d at 821.

Then, we interpreted K.S.A. 2011 Supp. 8-1567(b)(1)(D) as follows:

"Under subsection K.S.A. 2011 Supp. 8-1567(b)(1)(D), a third DUI conviction is a nonperson felony when a 'person has a prior conviction which occurred within the preceding 10 years, not including any period of incarceration.' Thus, if a person has two previous DUI convictions and *neither DUI conviction occurred within 10 years of the current DUI offense*, the third DUI conviction would be a class A misdemeanor. K.S.A. 2011 Supp. 8-1567(b)(1)(C). Nevertheless, if at least one of the two previous DUI

4

convictions, which occurred after July 1, 2001, was within 10 years of the current DUI offense, the third DUI conviction would be a felony. K.S.A. 2011 Supp. 8-1567(b)(1)(D)." (Emphasis added.) 50 Kan. App. 2d at 821.

As he did before the trial court, Wetter argues that under K.S.A. 2020 Supp. 8-1567(b)(1)(D)'s plain language, the relevant period for determining the classification of a person's third DUI offense is the time between a person's second DUI conviction date and a person's third DUI conviction date. Wetter's argument depends on the first part of K.S.A. 2020 Supp. 8-1567(b)(1)(D), which states that a person's DUI offense will be classified as a felony "on a third conviction." He contends that since K.S.A. 2020 Supp. 8-1567(b)(1)(D) references a person's third DUI conviction, its plain language establishes that a person's third DUI conviction triggers the 10-year look-back period.

Although Wetter recognizes this court's contrary precedents in *Bell* and *Wines*, he argues that we wrongly decided those cases. To support his argument, Wetter points out that under *Bell*'s and *Wines*' interpretation of K.S.A. 8-1567(b)(1)(D), two people who commit second DUIs and third DUIs on the same date might have different sentencing outcomes depending on their DUI conviction dates. As an example, he notes that if one person was convicted of a second DUI before another person who committed his or her second DUI offense on the same day, the 10-year look-back period under K.S.A. 2020 Supp. 8-1567(b)(1)(D) for the first person would end before the 10-year look-back period for the second person. So, even though the people in the preceding example committed their third DUI on the same day, only the second person's third DUI conviction would be classified as a felony. Additionally, Wetter notes that in *Wines*, we pointed out that K.S.A. 2011 Supp. 8-1567(i) does not explicitly say whether courts should equate a person's DUI diversion agreement date to a person's DUI conviction date. 50 Kan. App. 2d at 822.

In making these arguments, Wetter also stresses that the rule of lenity requires courts to interpret statutes in favor of a criminal defendant. See *Bonner*, 290 Kan. at 296 (holding that under the rule of lenity, courts must usually "strictly construe[] a criminal statute in favor of the accused"). Alternatively, Wetter contends that if *Bell*'s and *Wines*' precedents are correct, then we should rule that the 10-year look-back period starts when a person commits his or her second DUI offense. According to Wetter, this is the only sensible and fair interpretation of K.S.A. 2020 Supp. 8-1567(b)(1)(D). Hence, Wetter argues that there are a couple reasons why we should vacate his sentence and remand for resentencing with directions that the trial court classify his third DUI offense as a misdemeanor.

The State, however, counters that there is an obvious weakness in Wetter's arguments. First, it notes that Wetter argues that a "disparate treatment among defendants" is created when using the 10-year look-back period under the *Bell* and *Wines* precedents. Next, the State notes that Wetter has failed "to offer this Court any authority on the standards applicable to a disparate treatment claim." As a result, the State contends that Wetter has failed to adequately brief his argument. The State also contends that K.S.A. 2020 Supp. 8-1567(b)(1)(D)'s plain language and the *Bell* and *Wines* precedents prove that the trial court properly classified Wetter's third DUI offense as a felony.

The State's preservation argument is persuasive. To begin with, after his conviction, Wetter filed a motion arguing that his third DUI offense should not be classified as a felony. The State responded to this motion. But neither Wetter's motion nor the State's response have been included in the record on appeal. And at the hearing on Wetter's motion, neither Wetter nor the State discussed Wetter's motion before the trial court denied it. Thus, the minuscule information that we possess about Wetter's motion comes from the trial court's brief explanation of the motion before denying it from the bench.

It is a well-known rule that the party claiming error has the burden of designating a record on appeal establishing that error. Without such a record, we presume that the trial court's decision was proper. *State v. Miller*, 308 Kan. 1119, 1157, 427 P.3d 907 (2018). Because Wetter has failed to include his motion for the trial court to classify his third DUI offense as a misdemeanor, we are left to fill in the gaps as to what Wetter argued before the trial court. We can only speculate as to what he argued below. We therefore affirm the trial court's classification of Wetter's third DUI offense as a felony because Wetter has not designated a record establishing his claim of error.

Next, even if we were to ignore the inadequate record before us, Wetter has also inadequately briefed his statutory interpretation argument. As already outlined, the *Wines'* court relied on the *Bell* precedent that "[i]n determining prior convictions, it is the date the current offense was committed and not the date of the conviction that triggers the look-back period." *Wines*, 50 Kan. App. 2d at 821. The *Bell* court reached this holding by relying on the *City of Chanute* precedent that for DUI sentencing enhancement purposes, the number of a person's previous convictions was determined by the date of the current offense. *Bell*, 30 Kan. App. 2d at 396-97. Meanwhile, the *City of Chanute* court reached this holding by relying on the *Wilson* and *Osoba* decisions. *City of Chanute*, 10 Kan. App. 2d at 500. The *Wilson* and *Osoba* decisions were decided in 1981 and 1983, respectively.

Yet, in his appellant's brief, Wetter never even mentions the *City of Chanute*, *Wilson*, or *Osoba* decisions. And he mentions the *Bell* and *Wines* decisions just to say that those decisions were wrongly decided based on his interpretation of K.S.A. 2020 Supp. 8-1567(b)(1)(D). An appellant's failure to show why his or her argument is sound despite contrary authority is akin to that appellant inadequately briefing his or her argument. See *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019). Simply put, although Wetter argues that his statutory interpretation of K.S.A. 2020 Supp. 8-1567(b)(1)(D) undermines the *Bell* and *Wines* precedents, Wetter never discusses the

*Bell*'s court or the *Wines'* court analysis in reaching the disputed holding that for DUI sentencing enhancement purposes, the relevant look-back period begins on the date of a person's current DUI offense. Without this discussion, though, Wetter's analysis is not grounded. He has not explained why the contrary authority he seeks to overturn is unsound. Thus, we also affirm the trial court's classification of Wetter's third DUI offense as a felony because Wetter has inadequately briefed his argument that the trial court misclassified his DUI offense as a misdemeanor.

Also, notwithstanding the preceding preservation problems with Wetter's argument, his statutory interpretation of K.S.A. 2020 Supp. 8-1567(b)(1)(D) is unpersuasive. Again, Wetter's argument hinges on the first part of K.S.A. 2020 Supp. 8-1567(b)(1)(D), which states that a DUI is "*on a third conviction* [is] a nonperson felony . . . ." (Emphasis added.) He argues that because K.S.A. 2020 Supp. 8-1567(b)(1)(D) provides that a DUI should be classified as a nonperson felony on a person's third conviction, it follows that the relevant 10-year look-back period should start when a person is convicted of his or her third DUI offense, not when a person commits his or her third DUI offense. Wetter's argument, however, ignores that the phrase "on a third conviction" does not trigger any look-back period. Rather, the phrase "on a third conviction" denotes how many DUI offenses a person must have to fall under K.S.A. 2020 Supp. 8-1567(b)(1). Thus, every subsection under K.S.A. 2020 Supp. 8-1567(b)(1) begins by qualifying its application to persons who have been convicted of a certain number of DUIs. For instance, K.S.A. 2020 Supp. 8-1567(b)(1)(A) provides that a DUI is "[o]n a first conviction a class B, nonperson misdemeanor." K.S.A. 2020 Supp. 8-1567(b)(1)(B) provides that a DUI is "[o]n a second conviction a class A, nonperson misdemeanor." And so on.

So the phrase that Wetter relies on to argue that the relevant 10-year look-back period starts on a person's third DUI conviction date, not a person's third DUI offense date, is not the part of K.S.A. 2020 Supp. 8-1567(b)(1)(D) addressing the 10-year look

8

back period. It is merely the part of K.S.A. 2020 Supp. 8-1567(b)(1)(D) that qualifies its application to persons who have been convicted of a third DUI offense. The part of K.S.A. 2020 Supp. 8-1567(b)(1)(D) that addresses the 10-year look-back period is the language stating that "if the person has a prior conviction which occurred within the preceding 10 years, not including any period of incarceration." So, Wetter's statutory interpretation argument is unpersuasive because it hinges on language under K.S.A. 2020 Supp. 8-1567(b)(1)(D) that does not define the 10-year look-back period.

Finally, as the State points out, *Bell*'s and *Wines'* interpretation of the 10-year look-back period is logical—"given that using the date of the present conviction would permit defendants to easily game [(manipulate)] the system by delaying adjudication in the present offense to set it out beyond 10 years from the prior conviction." Thus, the look-back period that starts at the date of the current offense—not upon the date of the current conviction—is proper.

For the preceding reasons, we affirm the trial court's classification of Wetter's third DUI offense as a felony.

Affirmed.