No. 74,708

STATE OF KANSAS, *Appellant*, v. TUNG THANH LE, *Appellee*.

(926 P.2d 638)

Opinion filed October 25, 1996.

*Timothy J. Chambers*, county attorney, argued the cause, and *Alan Hughes*, assistant county attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellant.

*Janine Cox*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The State appeals the denial of its motion to amend a complaint charging defendant Tung Thanh Le with felony reckless aggravated battery against a law enforcement officer pursuant to K.S.A. 21-3414 and the subsequent dismissal of the complaint. The district judge determined that a law enforcement officer was not a member of the class the legislature intended to protect when it enacted the general aggravated battery statute, K.S.A. 21-3414.

On May 2, 1995, the defendant was shot by a Kansas Highway Patrol Trooper who was being dragged by the defendant's vehicle as the defendant attempted to flee from a traffic stop. The State

charged the driver with intentional aggravated battery against a law enforcement officer, K.S.A. 21-3415, and possession of marijuana.

K.S.A. 21-3415 provides:

"(a) Aggravated battery against a law enforcement officer is: (1) an aggravated battery [intentionally causing great bodily harm to another person or disfigurement of another person] committed against a uniformed or properly identified state, county, or city law enforcement officer while the officer is engaged in the performance of the officer's duty; or

(2) an aggravated battery [intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, or death can be inflicted] or [intentionally causing physical contact with another person when done in a rude, insulting, or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, or death can be inflicted] committed against a uniformed or properly identified state, county or city law enforcement officer while the officer is engaged in the performance of the officer's duty."

After evidence was presented at the preliminary examination, the judge dismissed the charge of aggravated battery against a law enforcement officer, finding that there was no probable cause that the defendant's actions were intentional, a statutory element of K.S.A. 21-3415.

The State refiled the complaint. Count I of the second complaint charged that the defendant *recklessly* cause[d] bodily harm to another person, to-wit: Daniel Dick, a uniformed State Law Enforcement Officer, with a deadly weapon, to-wit: Ford Bronco" (emphasis added) and cited K.S.A. 21-3415 as authority for the charge. Count II remained the same. Le was bound over for arraignment on both counts. An information was filed.

After the arraignment, Le filed a motion to dismiss the aggravated battery against a law enforcement officer charge, pointing out that K.S.A. 21-3415 required that he be charged for an intentional act of battery and not a reckless act. Le pointed out that the legislature had not enacted a statutory crime of reckless aggravated battery against a law enforcement officer. The State moved to amend the information to charge Le with recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, or death can be in-

flicted pursuant to K.S.A. 21-3414(a)(2)(B), the general aggravated battery statute.

At the hearing on the motion, the judge determined that the State's proposed amendment violated the rule of statutory construction requiring a specific statute to be charged over a general statute. The district judge observed that the legislature intended intentional aggravated battery against a law enforcement officer to be a distinct act from aggravated battery set out in K.S.A. 21-3414. The district judge denied the State's motion to amend the information, holding that the State could not proceed with the general aggravated battery statute because the victim was a law enforcement officer, a distinct class protected under specific statutes. In reaching this conclusion, the judge stated:

"The State should not be allowed to circumvent the legislative intent with the pretext that Trooper Dick is merely a member of the general public. Trooper Dick is a member of a particular specific class that has been identified by the legislature. An amendment to the information would not prejudice the defendant. However, the particular proposed amendment I believe violates the rule of statutory construction which requires a specific statute to be charged over a general statute."

The judge then opined that K.S.A. 21-3413, the simple battery against a law enforcement officer statute, provided the authority for charging the defendant with reckless aggravated battery against a law enforcement officer, a misdemeanor. The judge observed that the State could proceed with the prosecution of a misdemeanor battery against a law enforcement officer or dismiss the case. The State declined to prosecute the defendant for misdemeanor battery, and the judge granted the defendant's motion to dismiss. The State timely appealed pursuant to K.S.A. 22-3602(b)(1), claiming that the district court erroneously applied the law of statutory construction in concluding that the legislature did not intend law enforcement officers to be members of the class protected by the general aggravated battery statute, K.S.A. 21-3414.

In construing statutes and determining legislative intent, several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable har-

mony and giving effect to the entire act if it is reasonably possible to do so. *State v. Gonzales*, 255 Kan. 243, 248, 874 P.2d 612 (1994). " 'General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling.' " *State v. Sodders*, 255 Kan. 79, 81-82, 872 P.2d 736 (1994) (quoting *Kansas Racing Management, Inc. v. Kansas Racing Comm'n*, 244 Kan. 343, 353, 770 P.2d 423 [1989]).

In 1992, the legislature amended the battery statute to include both intentional and reckless acts. L. 1992, ch. 298, § 11. During the same session, the legislature amended the general aggravated battery statute to include reckless and intentional acts. L. 1992, ch. 298, § 12.

K.S.A. 21-3412 provides:

"Battery is:
(a) *Intentionally or recklessly* causing bodily harm to another person; or
(b) intentionally causing physical contact with another person when done in a rude, insulting or angry manner." (Emphasis added.)

K.S.A. 21-3414 provides:

"(a) Aggravated battery is:
(1)(A) intentionally causing great bodily harm to another person or disfigurement of another person; or
(B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, or death can be inflicted; or
(C) intentionally causing physical contact with another person when done in a rude, insulting, or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, or death can be inflicted; or
(2)(A) recklessly causing great bodily harm to another person or disfigurement of another person; or
(B) recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, or death can be inflicted.
"(b) Aggravated battery as described in subsection (a)(1)(A) is a severity level 4, person felony. Aggravated battery as described in subsections (a)(1)(B) and (a)(1)(C) is a severity level 7, person felony. Aggravated battery as described in subsection (a)(2)(A) is a severity level 5, person felony. Aggravated battery as described in section (a)(2)(B) is a severity level 8, person felony. A person con-

victed of aggravated battery shall be subject to the provisions of subsection (h) of K.S.A. 21-4704 and amendments thereto."

The aggravated battery against a law enforcement officer statute was enacted in 1969. L. 1969, ch. 180. Prior to that time, no distinction was made between aggravated battery against a law enforcement officer and aggravated battery of others. The 1969 enactment of 21-3415 increased the felony classification for intentional aggravated battery against a law enforcement officer from a Class C felony applicable to the general aggravated battery statute to a Class B felony. The enactment carried out the policy of the legislature to provide for increased penalties for attacks upon law enforcement officers performing their duties.

In 1992, when the legislature amended the aggravated battery statute to include reckless aggravated battery, the aggravated battery against a law enforcement officer statute was not amended to include the element of recklessly causing great bodily harm or bodily harm. Only intentional acts of aggravated battery against a law enforcement officer are set out in K.S.A. 21-3415.

In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. *State v. Gonzales*, 255 Kan. at 249. As one commentator has noted in discussing the legislature's intent in not amending 21-3415 to include reckless acts against a law enforcement officer:

"This section [K.S.A. 21-3415, level 6 person felony] continues the policy of increasing the felony class for the intentional aggravated battery of a law enforcement officer. *Reckless aggravated battery of a law enforcement officer is covered by the general provision on aggravated battery.* If reckless aggravated battery received the same felony class increase, an anomalous situation would result because the penalty for a reckless aggravated battery of a law enforcement officer would result in a higher penalty than that proscribed for a reckless act causing the death of a law enforcement officer [covered by K.S.A. 21-3404, involuntary manslaughter, a level 5 person felony]." (Emphasis added.) Tonkovich, *The Kansas Criminal Code: 1992 Amendments*, 41 Kan. L. Rev., Crim. Proc. Ed. 73, 84 (1993).

The legislature is presumed to intend that a statute be given a reasonable construction so as to avoid unreasonable or absurd results. *Todd v. Kelly*, 251 Kan. 512, 520, 837 P.2d 381 (1992). Surely the legislature did not intend that recklessly causing the death of a law enforcement officer would have a lesser penalty than reckless aggravated battery against a law enforcement officer. The legislature did not amend K.S.A. 21-3415 to include reckless aggravated battery against a law enforcement officer because it intended that a charge of reckless aggravated battery against a law enforcement officer should continue to be charged under the general aggravated battery statute, K.S.A. 21-3414.

The district court is reversed, and the case is remanded for further proceedings.