MODIFIED OPINION[1]

NOT DESIGNATED FOR PUBLICATION

No. 121,341

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALFRED N. OBIERO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Original opinion filed January 28, 2022. Modified opinion filed April 22, 2022. Sentence affirmed in part and vacated in part, and case remanded with directions.

*Alfred N. Obiero*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., MALONE, J., and MICHAEL B. BUSER, Court of Appeals Judge Retired, assigned.

BUSER, J.: This is a pro se sentencing appeal brought by Alfred N. Obiero who was convicted of aggravated battery while driving under the influence (DUI) of alcohol.

---

[1]**REPORTER'S NOTE**: Opinion No. 121,341 was modified by the Court of Appeals on April 22, 2022, in response to appellant's motion for rehearing or modification.

1

Previously, on January 28, 2022, our court considered Obiero's appeal and filed an unpublished opinion holding that the district court did not err in calculating Obiero's criminal history score. We determined, however, that the district court imposed an illegal postrelease supervision term at sentencing. *State v. Obiero*, No. 121,341, 2022 WL 262195 (Kan. App.) (unpublished opinion), *petition for rev. filed* February 28, 2022.

After the original opinion was filed, Obiero filed a motion for rehearing asking our court to reconsider the opinion in two respects. Obiero asserted that our court erred in affirming the district court's scoring of his prior DUI convictions as person felonies because the relevant statute, K.S.A. 2017 Supp. 21-6811(c)(3), is ambiguous. Obiero also argued that we had mistakenly determined that the Haysville Municipal Court had jurisdiction to convict him of a prior DUI and, as a result, the criminal history score calculated in this case was accurate. The State opposed Obiero's motion for rehearing and reconsideration.

Upon rehearing, we have reconsidered the two issues raised by Obiero on appeal. Regarding the claim that his prior DUI convictions were erroneously scored because K.S.A. 2017 Supp. 21-6811(c)(3) is ambiguous, we reaffirm the holding and supporting analysis in the original opinion. We do not find any sentencing error in this regard. As to the second issue, we conclude that although the analysis in our opinion about the Haysville Municipal Court's jurisdiction was faulty, the alternative basis establishing jurisdiction proffered by the State was correct. As a result, we reaffirm our conclusion that Obiero's criminal history score was correctly calculated because the Haysville Municipal Court had concurrent jurisdiction to find Obiero guilty of his prior DUI offense.

In summary, we hold the district court did not err in calculating Obiero's criminal history score and affirm that the prison sentence imposed was lawful. As before, we also find the district court imposed an illegal postrelease supervision term at sentencing.

Accordingly, we vacate the 36-month postrelease supervision term and remand with directions for the district court to sentence Obiero to a 24-month postrelease supervision term as provided by K.S.A. 2017 Supp. 22-3717(d)(1)(B). Obiero's sentence is affirmed in all other respects.

FACTUAL AND PROCEDURAL BACKGROUND

In Obiero's motion for rehearing and reconsideration, he states: "The necessary facts have been sufficiently detailed in the opinion." Similarly, the State in opposing Obiero's motion does not object to the statement of facts and procedural background as written in the original opinion. Accordingly, we restate those facts.

In keeping with a plea agreement, Obiero pled guilty to aggravated battery while DUI, in violation of K.S.A. 2017 Supp. 21-5413(b)(3)(A), (g)(2)(C). In return for the plea, the State dismissed Obiero's remaining charges which included two additional counts of aggravated battery while driving under the influence, driving while suspended, and unlawfully operating a vehicle on the left side of the roadway. The State also agreed to recommend that the district court grant a downward durational departure to 84 months' imprisonment at sentencing.

At the plea hearing, the parties discussed the application of K.S.A. 2017 Supp. 21-6811(c)(3) that governs the classification of prior DUI convictions when an individual is subsequently convicted of aggravated battery while DUI. The statute provides:

"(3) If the current crime of conviction is for violation of K.S.A. 2017 Supp. 21-5413(b)(3) [aggravated battery while DUI] . . . :
(A) The first prior adult conviction . . . [for DUI] shall count as one *nonperson felony* for criminal history purposes . . . ; and

3

(B) each second or subsequent prior adult conviction . . . [for DUI] shall count as one *person felony* for criminal history purposes." (Emphases added.) K.S.A. 2017 Supp. 21-6811(c)(3).

The parties anticipated that given Obiero's conviction for aggravated battery while DUI, K.S.A. 2017 Supp. 21-6811(c)(3) would apply at sentencing.

A presentence investigation (PSI) report calculated that Obiero's criminal history score was A. The PSI report showed that Obiero had numerous prior convictions, five of which were for DUI. As anticipated, the PSI investigator applied K.S.A. 2017 Supp. 21-6811(c)(3) to Obiero's five prior DUI convictions, resulting in four prior DUI convictions being scored as person felonies. The relevant entries showed:

- Entry 2:  Kansas state DUI conviction on February 10, 2005 (Sedgwick County) scored as an adult *nonperson* felony.
- Entry 3:  Kansas municipal DUI conviction on April 14, 2005 (Wichita) scored as an adult person felony.
- Entry 5:  Kansas state DUI conviction on September 10, 2007 (Sedgwick County) scored as an adult person felony.
- Entry 10:  Oklahoma state DUI conviction on April 3, 2012 (Alfalfa County) scored as an adult person felony.
- Entry 18:  Kansas municipal DUI conviction on September 26, 2017 (Haysville) scored as an adult person felony.

Before sentencing, Obiero challenged his criminal history score as calculated in the PSI report. Obiero disputed three prior convictions—entries 8, 10, and 11—claiming he had "no recollection of the charges." Additionally, he challenged each prior DUI conviction on multiple grounds. Relevant to this appeal, Obiero challenged whether the predicate convictions for imposing K.S.A. 2017 Supp. 21-6811(c)(3)—the special

4

sentencing rule for classifying prior DUI convictions when subsequently convicted of aggravated battery while DUI—were properly shown. Obiero also challenged whether the Haysville DUI conviction listed in Entry 18 was void because the municipal court lacked subject matter jurisdiction.

At sentencing, following lengthy argument, the district court struck the prior DUI convictions listed in entries 3 and 10 but denied Obiero's remaining objections. The district court ruled that Obiero's criminal history score was B based, in relevant part, on scoring entries 5 and 18 as adult person felonies.

Upon finding Obiero's criminal history score was B, the district court followed the recommendations of the plea agreement. The district court granted Obiero's motion for a downward dispositional departure and sentenced him to 84 months' imprisonment with 36-months postrelease supervision. A journal entry memorialized the sentence. Later, the district court filed an agreed-upon journal entry which corrected the erroneous 36-month postrelease supervision term to reflect the statutorily mandated 24-month term.

As mentioned earlier, upon Obiero's appeal, our court vacated the 36-month postrelease supervision term and remanded with directions to impose a 24-month postrelease supervision term. Obiero's sentence was affirmed in all other respects. Obiero then filed a motion for rehearing asking our court to reconsider the original opinion as it related to the calculation of his criminal history score and the State objected to the motion. We grant the motion and upon reconsideration file this modified opinion.

CALCULATION OF CRIMINAL HISTORY SCORE

For its initial argument in opposition to Obiero's appeal, the State contends our court does not have jurisdiction to consider Obiero's appeal and that he failed to preserve the sentencing issues for appeal. Alternatively, the State argues Obiero's challenges to his

5

criminal history score are without merit. We address the State's jurisdictional and preservation arguments first.

*Jurisdiction and Preservation*

According to the State, "appellate courts lack jurisdiction to review an agreed upon sentence imposed under the terms of a plea agreement that is approved by the court." Whether jurisdiction exists is a question of law over which our court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018).

The right to appeal is entirely statutory. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Smith*, 304 Kan. at 919.

"Appellate jurisdiction is defined by statute; the right to appeal is neither a vested nor a constitutional right. The only reference in the Kansas Constitution to appellate jurisdiction demonstrates this principle, stating the Kansas Supreme Court shall have 'such appellate jurisdiction as may be provided by law.' Kan. Const., art. 3, § 3. Under this provision, this court may exercise jurisdiction only under circumstances allowed by statute; this court does not have discretionary power to entertain appeals from all district court orders. [Citations omitted.]" *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 609-10, 244 P.3d 642 (2010).

See *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008).

As set forth in K.S.A. 2020 Supp. 21-6820(c)(2): "On appeal from a judgment of conviction entered for a felony committed on or after July 1, 1993, the appellate court

shall not review: . . . (2) any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." On the other hand, another statute, K.S.A. 2020 Supp. 22-3504(a), provides: "The court may correct an illegal sentence at any time while the defendant is serving such sentence."

The Kansas Supreme Court has held that because a defendant receives a sentence that was the result of a plea agreement does not necessarily bar an appellate court's ability to consider an illegal sentence claim. According to the Supreme Court: "This court has reconciled the two statutes [K.S.A. 22-3504(1) and K.S.A. 2014 Supp. 21-6820(c)(2)] by holding that an appellate court has jurisdiction to correct an illegal sentence even when it was agreed to in a plea." *State v. Quested*, 302 Kan. 262, 264, 352 P.3d 553 (2015); see also *State v. Shull*, 52 Kan. App. 2d 981, 986, 381 P.3d 499 (2016) (The "statutory limitation [in K.S.A. 2015 Supp. 21-6820(c)(2)] on appellate jurisdiction does not preclude appellate review of a claim of an illegal sentence.").

In the present case, Obiero asserts that the sentence as pronounced is illegal because two prior DUI convictions used in calculating his criminal history score, listed in PSI entries 5 and 18, were improperly classified as person felony crimes. In *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011), our Supreme Court concluded the defendant's challenge to his criminal history score was "necessarily a challenge to his sentence that the history score helped produce." The *Neal* court found: "If the history score is incorrect, it follows that [the] resulting sentence cannot conform to the statutory provision in the term of the punishment authorized and, consequently, is an illegal sentence." 292 Kan. at 631. As before, upon reconsideration we conclude that our court has jurisdiction to review Obiero's illegal sentence claim.

Similarly, regarding whether Obiero preserved this issue for appeal, we are persuaded that we may consider this claim because a "court may correct an illegal sentence at any time," including for the first time on direct appeal. K.S.A. 2020 Supp. 22-

7

3504(a). See *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). We will consider this issue.

*K.S.A. 2017 Supp. 21-6811(c)(3) Is Not Ambiguous*

Obiero contends he is serving an illegal sentence because the special sentencing statute upon which he was sentenced, K.S.A. 2017 Supp. 21-6811(c)(3), "is markedly ambiguous." Employing rules of statutory construction, Obiero argues that prior municipal court DUI convictions should not have been used to calculate his criminal history score—and enhance his sentence as a result—because they were nonselect class B nonperson misdemeanors. For its part, the State responds: "To the contrary, [Obiero's] brief exposes that there is zero ambiguity within K.S.A. 21-6811(c)(3); rather, defendant seeks to create ambiguity by conflating the specific rule of K.S.A. 21-6811(c)(3) with the more general rule for scoring prior misdemeanors in K.S.A. 21-6810(d)(6). This is not how statutory interpretation works."

Since this issue requires statutory interpretation, our court's review is unlimited. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court also has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). A sentence is illegal under K.S.A. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. *Hambright*, 310 Kan. at 411.

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary

8

meanings. *State v. Ayers*, 309 Kan. 162, 163-64, 432 P.3d 663 (2019). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 309 Kan. at 164. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. *State v. Pulliam*, 308 Kan. 1354, 1364, 430 P.3d 39 (2018).

Obiero contends K.S.A. 2017 Supp. 21-6811(c)(3) is ambiguous. That statutory provision states:

"(3) If the current crime of conviction is for a violation of K.S.A. 2017 Supp. 21-5413(b)(3) [aggravated battery while DUI], and amendments thereto:

(A) The first prior adult conviction, diversion in lieu of criminal prosecution or juvenile adjudication for the following count as one nonperson felony for criminal history purposes:  (i) Any act described in K.S.A. 8-2,144 or 8-1567 or K.S.A. 2017 Supp. 8-1025, and amendments thereto; or (ii) a violation of a law of another state or an ordinance of any city, or resolution of any county, which prohibits any act described in K.S.A. 8-2,144 or 8-1567 or K.S.A. 2017 Supp. 8-1025, and amendments thereto; and

(B) each second or subsequent prior adult conviction, diversion in lieu of criminal prosecution or juvenile adjudication for the following shall count as one person felony for criminal history purposes:  (i) Any act described in K.S.A. 8-2,144 or 8-1567 or K.S.A. 2017 Supp. 8-1025, and amendments thereto; or (ii) a violation of a law of another state or an ordinance of any city, or resolution of any county, which prohibits any act described in K.S.A. 8-2,144 or 8-1567 or K.S.A. 2017 Supp. 8-1025, and amendments thereto." K.S.A. 2017 Supp. 21-6811(c)(3).

In Obiero's view, "this special sentencing provision is ambiguous" because the "vocabulary fails to specify the types of prior DUI convictions that should be considered and scored under its provision, making the statute prone to more than one reasonable

9

interpretation." He contends the statute could be interpreted as "either all prior DUI convictions are to be scored" or "specific prior DUI convictions that constitute criminal history categories as outlined in K.S.A. 21-6810 are to be scored." See K.S.A. 2017 Supp. 21-6810(d)(6) ("All person misdemeanors, class A nonperson misdemeanors and class B select nonperson misdemeanors," and all municipal ordinance and county resolution violations comparable to such misdemeanors, shall be considered and scored.).

Obiero then argues that when K.S.A. 2017 Supp. 21-6811(c)(3) is "read in conjunction" with K.S.A. 2017 Supp. 21-6810(d)(6), "class B misdemeanor DUI convictions must be excluded from consideration . . . for such convictions are not scored for criminal history purposes." He concludes: "Although K.S.A. 21-6811(c)(3) does not specifically include language clarifying which types of prior convictions under K.S.A. 8-1567 should be considered for enhancement, K.S.A. 21-6810(d)(6) mandates that such prior convictions be misdemeanors specifically recited under its subsection that pertains to K.S.A. 8-1567, to-wit: class A nonperson misdemeanor convictions."

The State counters that the statute is not ambiguous. K.S.A. 2017 Supp. 21-6810(d)(6) is a general classification statute that broadly provides a list of which prior misdemeanor convictions "shall be considered and scored" as part of a criminal history. Granted, apart from K.S.A. 2017 Supp. 21-6811(c)(3)—which is the more specific classification statute since it deals with prior DUI convictions—under the generally applicable statute, K.S.A. 2017 Supp. 21-6810(d)(6), a first DUI offense would not be scored in an offender's criminal history because it is not a class B nonperson select misdemeanor. See K.S.A. 2017 Supp. 8-1567(b)(1)(A); K.S.A. 2017 Supp. 21-6810(b) (defining class B nonperson select misdemeanor).

However, the prefatory language of K.S.A. 2017 Supp. 21-6811 refers to and specifically states that the provisions of K.S.A. 2017 Supp. 21-6810 should *also* be used to determine criminal history classifications: "*In addition to the provisions of K.S.A.*

10

*2017 Supp. 21-6810*, and amendments thereto, the following shall apply in determining an offender's criminal history classification as contained in the presumptive sentencing guidelines . . . ." (Emphasis added.) K.S.A. 2017 Supp. 21-6811. These additional provisions govern special sentencing rules that are used to determine an offender's criminal history, specifying how some prior convictions are scored and applying special rules if the current crime of conviction is listed. See K.S.A. 2017 Supp. 21-6811. Because Obiero's current crime of conviction is aggravated battery while DUI, the specific provisions of K.S.A. 2017 Supp. 21-6811(c)(3) "shall apply." K.S.A. 2017 Supp. 21-6811.

This understanding of the interplay between the general classification statute, K.S.A. 2017 Supp. 21-6810(d)(6) and the specific classification statute, K.S.A. 2017 Supp. 21-6811(c)(3), is consonant with our rules of statutory construction. See *Miller v. Board of Wabaunsee County Comm'rs*, 305 Kan. 1056, 1066, 390 P.3d 504 (2017) (statutes dealing with the same subject—those that are in pari materia—should be interpreted harmoniously when possible); *State v. Kinder*, 307 Kan. 237, 241, 408 P.3d 114 (2018) (when there is a conflict between statutes, a specific statute controls over a general statute).

The language of K.S.A. 2017 Supp. 21-6811(c)(3)(A) is clear, unambiguous, and specific. Under this statute—which applies when the current crime of conviction is aggravated battery while DUI—the first prior adult conviction for "[a]ny act described" in the DUI statutes "shall count as one *nonperson felony* for criminal history purposes." (Emphasis added.) K.S.A. 2017 Supp. 21-6811(c)(3)(A). Under K.S.A. 2017 Supp. 21-6811(c)(3)(B), however, "each second or subsequent prior adult conviction" for "[a]ny act described" in the DUI statutes "shall count as one *person felony* for criminal history purposes." (Emphasis added.) Applying this statute to the facts of this case, Obiero's prior DUI convictions were properly included and classified for criminal history scoring purposes.

11

We find support for our holding in *State v. Briggs*, 24 Kan. App. 2d 621, 628-29, 950 P.2d 273 (1997). In *Briggs*, our court addressed this issue under the predecessors of K.S.A. 2017 Supp. 21-6810(d)(6) (K.S.A. 21-4710[d][7]) and K.S.A. 2017 Supp. 21-6811(c)(3) (K.S.A. 21-4711[c]).

In *Briggs*, the defendant made an argument similar to Obiero:

"Briggs reads K.S.A. 21-4710 as not allowing the use of municipal convictions when they are class B nonperson misdemeanors other than select class B nonperson misdemeanors. Briggs reasons that because K.S.A. 21-4710 does not provide for the use of municipal class B nonperson misdemeanors, his municipal conviction for driving under the influence should not be used to enhance his sentence under K.S.A. 21-4711(c)." 24 Kan. App. 2d at 629.

Our court concluded that Brigg's reading of the statutes was "too narrow," 24 Kan. App. 2d at 629, reasoning that K.S.A. 21-4711(c) was an exception to the general criminal history scoring rules and, when reading the applicable statutes together, municipal convictions may be considered under the special sentencing rule:

"K.S.A. 21-4711(c) provides an exception to the general rules of criminal history scoring that applies to prior convictions under K.S.A. 1996 Supp. 8-1567 when the current crime of conviction is involuntary manslaughter committed while driving under the influence pursuant to K.S.A. 21-3404(b). K.S.A. 21-4711(c) does not provide any indication that municipal convictions for driving under the influence should be treated differently from state convictions other than to cite to K.S.A. 1996 Supp. 8-1567. K.S.A. 1996 Supp. 8-1567(k)(2), however, specifically provides that a conviction under that statute includes municipal convictions. Reading these statutes together, municipal convictions for driving under the influence may be used under the special criminal history provision of K.S.A. 21-4711(c). See *State v. Le*, 260 Kan. 845, 847-48, 926 P.2d 638 (1996) ('[S]everal provisions of an act, *in pari materia*, must be construed together

12

with a view of reconciling and bringing them into workable harmony and giving effect to the entire act if it is reasonably possible to do so.')." *Briggs*, 24 Kan. App. at 629.

Although in *Briggs* we were considering the special sentencing provisions relating to involuntary manslaughter while DUI, the reasoning is analogous. Like the special sentencing statute at issue in *Briggs*, K.S.A. 2017 Supp. 21-6811(c)(3) is an exception to the general rule of criminal history classification. It only applies when the current crime of conviction is aggravated battery while DUI. And like the special sentencing statute in *Briggs*, K.S.A. 2017 Supp. 21-6811(c)(3) does not provide any indication that municipal convictions for DUIs should be treated differently from state convictions. In fact, our court has more recently found "K.S.A. 2016 Supp. 8-1567(i) 'provides that a defendant's municipal court DUI conviction occurring on or after July 1, 2001, may be counted as a prior DUI conviction if the ordinance prohibits the acts that K.S.A. 8-1567 prohibits.'" *State v. Lamone*, 54 Kan. App. 2d 180, 184, 399 P.3d 235 (2017).

In his motion for rehearing and reconsideration, Obiero makes a new argument in support of his claim that he is serving an illegal sentence because K.S.A. 2017 Supp. 21-6811(c)(3) is markedly ambiguous. In particular, he cites *State v. Horselooking*, 54 Kan. App. 2d 343, 351, 400 P.3d 189 (2017), to analogize that there is a "silence gap" in K.S.A. 2017 Supp. 6811(c)(3). But *Horselooking* provides scant precedent for Obiero's new argument.

In *Horselooking*, our court considered a state statute, K.S.A. 2015 Supp. 21-6811(e), which was silent regarding how to classify an out-of-state conviction as a felony or a misdemeanor for criminal history purposes when the convicting jurisdiction did not make such a classification. We held that because the Kansas Sentencing Guidelines were silent on this issue, it was improper for Kansas courts to fill the gap by crafting a "judicially constructed remedy . . . into the statute to fix an apparent flaw in the

13

sentencing scheme. The wisest course is to defer to the legislature to fill this gap." 54 Kan App. 2d at 353.

Contrary to Obiero's assertion, in the present appeal there is no statutory "silence gap." The Kansas Legislature has specifically and unambiguously spoken out regarding how a defendant convicted of aggravated battery while DUI should have his prior DUI convictions scored for criminal history purposes. See K.S.A. 2017 Supp. 21-6811(c)(3). Upon reconsideration, we again hold that K.S.A. 2017 Supp. 21-6811(c)(3) is not ambiguous and, as a result, the district court did not err in calculating Obiero's criminal score in accordance with the clear language of the statute.

*Obiero's Haysville DUI Conviction Was Properly Scored*

For his second issue on appeal, Obiero contends the district court erred in scoring his Haysville DUI conviction (Entry 18) because the Haysville Municipal Court lacked jurisdiction to adjudicate what he asserts should have been charged as a felony DUI in district court. The State counters that Kansas law permitted the Haysville DUI to be adjudicated in the municipal court.

Our standard of review provides that whether jurisdiction exists is subject to unlimited review. *State v. Berreth*, 294 Kan. 98, Syl. ¶ 1, 273 P.3d 752 (2012). Resolving this jurisdictional question requires interpreting the Kansas statutes governing DUI offenses and municipal court procedures. Statutory interpretation is also subject to unlimited review. *State v. Coleman*, 312 Kan. 114, 117, 472 P.3d 85 (2020).

Obiero cites *State v. Elliott*, 281 Kan. 583, 586, 133 P.3d 1253 (2006), in support of his argument. In *Elliott*, the defendant was convicted of DUI with five prior DUI convictions. Four of the five prior DUI convictions were municipal convictions. At sentencing, the defendant argued that several of his prior DUI convictions were

14

improperly classified as misdemeanors in the municipal court, which deprived the municipal court of jurisdiction because the convictions should have been classified as felonies. The district court agreed and excluded two of the prior municipal DUI convictions from the defendant's criminal history. The State appealed, and our Supreme Court affirmed, finding the defendant could collaterally attack the validity of the misdemeanor DUI convictions when those convictions enhanced the sentence in the current prosecution. 281 Kan. at 588-89.

Since *Elliott*, the Legislature has amended the statute. This amendment became effective in 2011. See L. 2011, ch. 105, § 19. Of note, the amended statute was in effect at the time Obiero was convicted of DUI in the Haysville Municipal Court. Under this law, a DUI conviction may be considered a misdemeanor or felony depending on how many prior DUI convictions a defendant has acquired and how recently that person has been previously convicted of DUI. See K.S.A. 2015 Supp. 8-1567(b). A person's first two DUI convictions are misdemeanors, but the third conviction is a felony "if the person has a prior conviction which occurred within the preceding 10 years, not including any period of incarceration." K.S.A. 2015 Supp. 8-1567(b)(1)(D). A fourth or subsequent DUI conviction is a felony, without limitation. K.S.A. 2015 Supp. 8-1567(b)(1)(E). Generally, municipal courts may not hear most felony prosecutions. See K.S.A. 2015 Supp. 12-4104(a); *City of Junction City v. Cadoret*, 263 Kan. 164, Syl. ¶ 5, 946 P.2d 1356 (1997).

At the time of sentencing, Obiero had five prior DUI convictions. But the district court struck two of the convictions when it calculated Oberio's criminal history score, leaving three DUI convictions—the most recent being the Haysville municipal conviction. Thus, for criminal history purposes, the Haysville conviction was Obiero's third prior DUI conviction and could be designated a misdemeanor or felony depending on whether his prior DUI conviction occurred within the preceding 10 years.

15

The essence of Obiero's argument hinges on whether the DUI conviction preceding his Haysville conviction occurred less than 10 years earlier. If so, Obiero contends the Haysville DUI should have been prosecuted as a felony and the municipal court would not have jurisdiction to adjudicate a felony DUI. The issue Obiero presents on rehearing is how to measure this 10-year look-back period.

In the original opinion, our court used the Haysville conviction date—September 26, 2017—to determine that the municipal court had jurisdiction because Obiero's prior DUI conviction date—September 10, 2007—was just beyond the 10-year look-back period. *Obiero*, 2022 WL 262195, at *7. In making this determination, our court rejected Obiero's argument that the Haysville *offense* date, not conviction date, should be the measuring point for the 10-year look-back period. 2022 WL 262195, at *7. In his motion for rehearing, Obiero emphasizes that our court erred in this regard and, as a result, the Haysville Municipal Court did not have jurisdiction to preside over what should have qualified as a felony DUI prosecution.

Caselaw supports Obiero's position. "In determining prior convictions under K.S.A. [] 8-1567, it is the date of the current offense and not the date of the conviction that triggers the look-back period." *State v. Wines*, 50 Kan. App. 2d 817, Syl. ¶ 3, 333 P.3d 917 (2014). This measuring point has remained the same through various iterations of the DUI statute. See *State v. Bell*, 30 Kan. App. 2d 395, 396-97, 42 P.3d 749 (2002) ("prior convictions are counted as of the date of the current offense, not the date of conviction"); *City of Chanute v. Wilson*, 10 Kan. App. 2d 498, 498-99, 704 P.2d 392 (1985).

Obiero's Haysville DUI offense date was February 14, 2016. His prior DUI conviction occurred on September 10, 2007—less than 10 years earlier. Using the offense date of Obiero's Haysville DUI, his prior DUI conviction occurred within the preceding 10 years and qualified as a felony under K.S.A. 2015 Supp. 8-1567(b)(1)(D). Upon our

16

reconsideration, we find Obiero's argument has merit, and the original opinion mistakenly stated the parameters of the look-back period in concluding that the Haysville DUI qualified as a misdemeanor conviction for which the Haysville municipal court had jurisdiction.

In his motion for rehearing and reconsideration, Obiero argues in the alternative that even if our court's original calculation of the look-back period is correct, his incarceration prior to the Haysville DUI conviction would bring the 2007 DUI conviction within 10 years of his Haysville conviction. See K.S.A. 2015 Supp. 8-1567(b)(1)(D) (providing 10-year look-back period "not including any period of incarceration"). Obiero asserts that he was incarcerated for extended periods in the 10 years before his Haysville conviction, referencing documents that are not in the record on appeal.

This is another new argument, and Obiero has the burden to furnish a record sufficient to establish his claim. *State v. Vonachen*, 312 Kan. 451, Syl. ¶ 2, 476 P.3d 774 (2020). But Obiero has failed to furnish a sufficient record on appeal to support this alternative argument. Regardless, we have concluded that Obiero's primary argument is correct:  Given the offense date of Obiero's Haysville DUI, his prior DUI conviction occurred within the preceding 10 years and qualified as a felony under K.S.A. 2015 Supp. 8-1567(b)(1)(D).

On rehearing and reconsideration, we next consider whether—although Obiero's Haysville conviction qualified as a felony—did the Haysville municipal court have jurisdiction to adjudicate the matter? See *Elliott*, 281 Kan. 583, Syl. ¶ 1 ("Municipalities do not have jurisdiction over and may not prosecute crimes designated as felonies."). As the State argues, the Legislature has created limited exceptions to this rule, giving municipalities jurisdiction over felonies in specific circumstances. See K.S.A. 2015 Supp. 12-4104(a). Relevant to this appeal, municipal courts have "concurrent jurisdiction to hear and determine a violation of an ordinance when the elements of such ordinance

17

violation are the same as the elements of a violation of [K.S.A. 8-1567] and would constitute, and be punished as, a felony if charged in district court." K.S.A. 2015 Supp. 12-4104(a)(1).

Concurrent jurisdiction is not automatic; a municipality must enact an ordinance granting itself jurisdiction over what would otherwise be a felony under the DUI statute. See K.S.A. 2015 Supp. 8-1567(k); *State v. Stegman*, No. 105,240, 2011 WL 6310458, at *4 (Kan. App. 2011) (unpublished opinion). The DUI statute, K.S.A. 8-1567, elaborates on how municipalities can obtain concurrent jurisdiction over felony DUI offenses:

> "(k)(1) Nothing contained in this section shall be construed as preventing any city from enacting ordinances, or any county from adopting resolutions, declaring acts prohibited or made unlawful by this act as unlawful or prohibited in such city or county and prescribing penalties for violation thereof.
>
> (2) The minimum penalty prescribed by any such ordinance or resolution shall not be less than the minimum penalty prescribed by this section for the same violation, and the maximum penalty in any such ordinance or resolution shall not exceed the maximum penalty prescribed for the same violation.
>
> (3) On and after July 1, 2007, and retroactive for ordinance violations committed on or after July 1, 2006, an ordinance may grant to a municipal court jurisdiction over a violation of such ordinance which is concurrent with the jurisdiction of the district court over a violation of this section, notwithstanding that the elements of such ordinance violation are the same as the elements of a violation of this section that would constitute, and be punished as, a felony.
>
> (4) Any such ordinance or resolution shall authorize the court to order that the convicted person pay restitution to any victim who suffered loss due to the violation for which the person was convicted." K.S.A. 2015 Supp. 8-1567(k) (currently codified at K.S.A. 2020 Supp. 8-1567[l]).

In other words, a municipality may obtain concurrent jurisdiction over a third or subsequent DUI offense if:

- It enacts an ordinance granting concurrent jurisdiction over an offense that K.S.A. 8-1567 also prohibits, even if the offense is a felony under that statute;

- The municipal offense carries penalties within the penalty range for the same offense in K.S.A. 8-1567;

- The ordinance authorizes the municipal court to order the defendant to pay restitution to any victims as required. See K.S.A. 2015 Supp. 8-1567(k).

We pause to note that K.S.A. 2015 Supp. 12-4104(a) also grants municipal courts jurisdiction over third or subsequent DUI offenses. This statute grants municipal courts concurrent jurisdiction over ordinance violations that have the same elements as offenses that are felonies under the DUI statute. K.S.A. 2015 Supp. 12-4104(a). Nevertheless, our court has found that K.S.A. 2009 Supp. 12-4104(a) is insufficient on its own to grant concurrent jurisdiction; a municipality must also enact a separate ordinance doing so. *Stegman*, 2011 WL 6310458, at *2-4.

An additional wrinkle is that one provision of the DUI statute explicitly allows municipalities to give themselves concurrent jurisdiction over third or subsequent DUI offenses while a separate provision states that such offenses should be referred to district courts for prosecution. Compare K.S.A. 2015 Supp. 8-1567(k)(1), (3) with K.S.A. 2015 Supp. 8-1567(l)(2). The Code of the City of Haysville, Kansas (Code)—by incorporating the Standard Traffic Ordinance for Kansas Cities (STO)—acknowledges these differing approaches. Code § 14-101 (2015). The STO editors, when incorporating much of the DUI statute into the STO, concluded: "Third, Fourth, and Subsequent [DUI offenses] would not be included in this Code," and thus "[s]hould a city wish to implement these provisions concerning prosecuting felony level DUI in municipal court, a separate ordinance will need to be adopted." Editor's Note, STO, art. 6, sec. 30, p. 41 (44th ed. 2016).

19

Upon our review, Haysville adopted such a separate ordinance and meets the other requirements for concurrent jurisdiction. First, the Haysville City Code incorporates the Kansas Code of Procedures for Municipal Courts, K.S.A. 12-4101 through K.S.A. 12-4602, to govern its municipal courts. Code § 9-102 (2015). This includes K.S.A. 2015 Supp. 12-4104(a), the provision governing municipal court jurisdiction that already grants municipal courts concurrent jurisdiction over offenses that would constitute felonies under the DUI statute.

While K.S.A. 2015 Supp. 12-4104(a) may not confer concurrent jurisdiction on its own, it does so when a municipality adopts it as an ordinance. By adopting the statute into its city code, Haysville enacted an ordinance that grants "concurrent jurisdiction to hear and determine a violation of an ordinance when the elements of such ordinance violation are the same as the elements of a violation of [K.S.A. 8-1567] and would constitute, and be punished as, a felony if charged in district court." K.S.A. 2015 Supp. 12-4104(a); Code § 9-102. Haysville has an ordinance that gives itself concurrent jurisdiction over felony DUI offenses and, thus, meets the primary requirement for obtaining concurrent jurisdiction under K.S.A. 2015 Supp. 8-1567(k).

Turning to the other requirements, Haysville ordinances also prohibit the same conduct as the DUI statute—driving under the influence. See STO, art. 6, sec. 30, pp. 36-41 (44th ed. 2016). STO 30(a), which Haysville adopted into its city code, defines a DUI offense in the same way as K.S.A. 2015 Supp. 8-1567(a). In fact, the two provisions are identical, except that K.S.A. 2015 Supp. 8-1567(a)(1) cross-references a statutory definition of what "other competent evidence" can include, while STO 30(a)(1) is silent on that point. Compare K.S.A. 2015 Supp. 8-1567(a)(1) with STO, art. 6, sec. 30(a)(1), p. 36 (44th ed. 2016). Besides this minor difference, the offenses are the same. Haysville prohibits conduct that K.S.A. 8-1567 already prohibits, and the same elements are necessary to prove a violation of either offense.

20

Haysville's penalty range for DUI offenses is also within the range provided in K.S.A. 2015 Supp. 8-1567. STO 30 only provides punishments for up to two municipal DUI convictions. See STO, art. 6, sec. 30(b), p. 36-37 (44th ed. 2016). These provisions are virtually identical to the penalty provisions for first and second offenses under K.S.A. 2015 Supp. 8-1567(b)(1)(A)-(B). The only difference is that K.S.A. 8-1567 cross-references the house-arrest program statute, while the STO mentions house arrest without a cross-reference. Most importantly, STO 30 does not provide for any sentences less than the minimum sentence, or more than the maximum sentence, for the corresponding offenses in K.S.A. 8-1567.

In response, Obiero contends there cannot be concurrent jurisdiction because the Haysville city code only contains sentencing provisions for first or second offenses, not third or subsequent offenses. But an ordinance is not required to mirror every provision of K.S.A. 8-1567. Rather, an ordinance must only prohibit an act that would also violate K.S.A. 8-1567, which Haysville ordinances do by prohibiting driving under the influence, as defined in K.S.A. 8-1567. There also is no requirement that the sentencing provisions mirror each other—only that sentences under the ordinance do not exceed the statute's range.

The Haysville ordinance meets the final concurrent jurisdiction requirement by authorizing the municipal court to order restitution. STO 30 provides that when a person receives a DUI conviction under the ordinance, "the court may order the convicted person to pay restitution to any victim who suffered loss due to the violation for which the person was convicted." STO, art. 6, sec. 30(j), p. 40 (44th ed. 2016). Haysville satisfies the restitution requirement under K.S.A. 2015 Supp. 8-1567(k)(4).

In summary, municipalities may obtain concurrent jurisdiction over third or subsequent DUI offenses that would otherwise be felonies under our state statute. But municipalities must enact an ordinance granting such jurisdiction, and they must prohibit

21

conduct that K.S.A. 8-1567 already prohibits, keeping penalties within that statute's range and providing for restitution. Haysville enacted an ordinance granting concurrent jurisdiction when it adopted K.S.A. 2015 Supp. 12-4104(a) by reference. And the city enacted an ordinance prohibiting the same conduct as K.S.A. 2015 Supp. 8-1567—driving under the influence—providing penalties within the statute's range and authorizing restitution. Accordingly, contrary to Obiero's argument, the Haysville Municipal Court had concurrent jurisdiction over third or subsequent DUI offenses that would be felonies if prosecuted in district court.

Upon our rehearing and reconsideration, we hold that for the reasons stated in this opinion, the Haysville Municipal Court had concurrent jurisdiction to adjudicate Obiero's DUI offense. Accordingly, the district court did not err in including the Haysville DUI conviction as part of the criminal history score which was used to calculate Obiero's sentence in this case.

SENTENCE OF POSTRELEASE SUPERVISION

Neither party seeks rehearing and reconsideration of this issue. As a result, we restate our original holding. Obiero contends the district court erred by incorrectly sentencing him to 36 months' postrelease supervision. He asserts this is an illegal sentence. He asks our court to remand the case to the district court "with directions to comply with the mandate of K.S.A. 22-3717(d)(1)(B) in resentencing Mr. Obiero to the proper 24 months postrelease supervision."

In response, the State concedes the error, but points out that after sentencing, the parties jointly submitted an agreed-upon nunc pro tunc order that corrected the prior erroneous sentencing journal entry by ordering that Obiero serve a 24-month postrelease supervision period. According to the State, the sentencing error was corrected and "[n]o

22

remand to correct the period of postrelease supervision is necessary as defendant has already obtained the only relief to which he is entitled."

It is uncontroverted that at sentencing, the district court sentenced Obiero to 36-month postrelease supervision. It is also uncontroverted that this sentence was illegal because Obiero was convicted of a nondrug severity level 5 person felony. As provided in K.S.A. 2017 Supp. 22-3717(d)(1)(B), under the circumstances of this conviction, Obiero should have been sentenced to 24-month postrelease supervision. Finally, it is uncontroverted that the district court memorialized the erroneous 36-month period in the sentencing journal entry and that an agreed-upon nunc pro tunc order was filed later, which properly stated that Obiero should serve a 24-month postrelease supervision term.

As mentioned earlier, a sentence is illegal under K.S.A. 2020 Supp. 22-3504(c)(1) when it "does not conform to the applicable statutory provision, either in character or punishment." Postrelease supervision is included as part of a complete sentence. *State v. Gaudina*, 284 Kan. 354, 358, 160 P.3d 854 (2007). Of particular relevance to this appeal, "[a] criminal sentence is effective when pronounced from the bench at the sentencing hearing; it does not derive its effectiveness from the journal entry." *State v. Potts*, 304 Kan. 687, 707-08, 374 P.3d 639 (2016); *State v. Ortiz*, No. 116,478, 2017 WL 4558408, at *2 (Kan. App. 2017) (unpublished opinion).

The agreed-upon procedure employed by the district court to modify Obiero's postrelease supervision sentence by filing a corrective nunc pro tunc order without resentencing the defendant in court was error. In *Potts*, our Supreme Court quoted *State v. Vanwey*, 262 Kan. 524, Syl. ¶ 2, 941 P.2d 365 (1997), for the proposition: "'A nunc pro tunc order under K.S.A. 22-3504(2) may only be used to correct actual clerical errors or errors arising from oversight or omission.'" *Potts*, 304 Kan. at 709. Here, the illegal postrelease supervision period announced at sentencing was an illegal sentence that could not be cured or corrected by the filing of an appropriate journal entry.

23

Accordingly, we vacate the 36-month postrelease supervision term and remand with directions for the district court to resentence Obiero to a 24-month postrelease supervision term as provided by K.S.A. 2017 Supp. 22-3717(d)(1)(B).

Sentence affirmed in part and vacated in part, and the case is remanded with directions.